## RUSSELL v JASTER

Ohio Common Pleas, Delaware Co

No 12717. Decided Feb 28, 1938

E. M. Wickham, Delaware, for appellant.

Herbert S. Duffy, Attorney General, Columbus, F. Leroy Allen, Asst. Attorney General, Columbus, for appellee.

## OPINION

By WICKHAM, J.

This action is an appropriation case in which Russell, the land owner, owned and operated a filling station property having a depth of approximately sixty feet, about half of which is being taken by the State of Ohio for highway purposes, and on which is located a building used in connection with the business which the jury found could not

be separated upon the line of right of way without manifest injury thereto.

The land owner produced eleven witnesses on the subject of values, and their testimony as to the value of the land taken ranged from $50.00 to $2500.00 on the value of the building from $500.00 to $1500.00, and the total damages shown, as based upon the valuations they gave for the premises before and after the appropriation, between $1950.00 and $3600.00.

The state produced three witnesses on values who all testified the value of the land taken was $100.00, and they testified to the value of the building from $350.00 to $400.00, and their testimony showed a total difference in value of the premises before and after the appropriation from $475.00 to $550.00.

The jury returned a verdict totaling $2193.76, itemized in accordance with the provisions of §1201-1a GC, as follows:: For land taken $197.92, building $441.67, and damages $1554.17.

On motion for new trial the chief contention on the part of the director of highways is that the verdict should be set aside and a new trial granted because these items of damage are out of line, and that if the land taken is worth only $197.92 there could not possibly be damages in the amount of $1554.17 to the residue which is about equal in area to the part taken.

The question is whether the itemizing of the verdict required by §1201-1a GC necessitates the granting of a new trial if the separate items therein seem out of harmony with each other, even though the total verdict is within the scope of the evidence as to the difference in value of the premises before and after the taking.

It is a fundamental principle not to be lost sight of that the purpose of proceedings such as these is to make the land owner whole. In other words he is supposed to receive such a sum of money as will leave him in as good a financial position after the appropriation as he was before. Otherwise there would be a taking of property without that degree of compensation guaranteed by the Constitution. We find this principle clearly enunciated in the sixth paragraph of the syllabus of **Powers v Railway Company 33 Oh St 429**, which reads:

"Where land is appropriated for a public use, a compensatory, not a speculative remuneration is guaranteed by the law for land taken, and for the damage occasioned thereby to the remainder of the premises. **The difference in value of the owner's property, with the appropriation and that without it, is the rule of compensation. * * *"** (Emphasis ours).

This principle is further emphasized in the case of **Railway Company v Gardner, 45 Oh St 309**, in which Chief Justice Owen said, on page 322 of his opinion:

"It is too well settled in this state to admit of controversy that the true rule of damages in such cases is the difference in the value of the property affected before and the value after the location of the railroad, and that is to be determined by the jury in the light of the facts established by the evidence. * * *"

Further pronouncement upon the same subject is found in the case of **Grant v Village of Hyde Park, 67 Oh St 166**, in which Judge Spear said, on page 178:

"It is always well, when dealing with the rights of a citizen, to keep in mind the land marks of the Constitution. Our bill of rights distinctly declares that 'private property shall ever be held inviolate, but subservient to the public welfare', and where taken for public use compensation in money shall be made the owner, the amount thereof to be assessed by a jury. The principle as well as the character of the elements which enter into the term compensation is well stated by Barkley, J., in **Railroad Co. v Ball, 5 Oh St at page 575**; 'the provisions of the Constitution of this state on this subject, are somewhat different from the provisions in the constitutions of some of the other states'. **'Full compensation'** is required to be made to the owner in money for the appropriation of his property, as a condition precedent. To be a full compensation, it must be a remuneration or recompense for that detriment or loss to the owner in the value of his property arising from the **taking of his property in** connection with the use for which it is taken'."

And further, on page 179:
"Compensation means full compensation."
And on page 180:
"Says Judge Elliott in his work on Roads and Streets, §256: 'Damages are assessed once for all and the measure should be the entire loss sustained by the owner including in one assessment all injuries resulting from the appropriation, whatever may be their character'."

Even as late as 1924 we find the following language used by Chief Justice Marshall in his opinion in the case of **Gohman**

v City of St. Bernard, 111 Oh St 226, where he says on page 751:

"It has been the approved practice in Ohio for more than half a century and it is also the approved practice in the courts of other states, to ascertain the difference between the market values of the property before the improvement and the market value of the property after the improvement, and that difference shall constitute the damages."

The same doctrine runs through the decisions of our Courts of Appeal, as in Martin v Village of Bond Hill, 7 O.C.C. 271, where Judge Smith said, on page 274:

"We think that the rule on this point, in a case of this kind, may be properly stated thus: That a measure of damages to the owner of the land, (if any) will be the difference in diminution in the value thereof, between what it is fairly worth in the condition in which it is, and its fair value as it will be when the improvement is made as contemplated."

And in Schaible v Railway, 10 O.C.C. 334, the court approved the following part of the charge of the trial court:

"The difference in the value of the owner's property with the appropriation and that without it, is the rule of compensation. This difference must be ascertained with reference to the value of the property in view of its present character, situation and surroundings. It must not be enhanced by proving facts of a contingent or prospective character."

That the foregoing principles are in accord with the general rule obtaining in other jurisdictions may be ascertained by referring to the subject of eminent domain in 20 C. J., where it is stated, beginning on page 730:

"Where only a part of a tract is taken in the exercise of the policy of eminent domain, the just compensation which the Constitution guarantees to the owner includes not only the value of the part taken but also the damages accruing to the residue from the improvement. The measure of damages is the injury done to the fair market value of the entire tract by the taking of only a part. In other words the owner is entitled to recover the difference between the market value of the entire tract before the taking and the market value of what is left after the taking. It is to be observed that the damages sustained by the owner are a unit, although composed of integral parts, namely the value of the land taken and the injury to the remaining portion. So the improvement is to be considered as a unit in determining the damages resulting from its construction."

The verdict of the jury, as to total amount, is well within the scope of the evidence. Furthermore the verdict is almost directly in line with the testimony of the witness Hinkle, who said that the value of the land taken was $200.00, the value of the building $500.00, and whose testimony showed a damage to residue of $2275.00, or a total damage of $2975.00. The weight and value of the teestimony was for the jury to determine, and it is not within the province of the court to invade the jury's function in that regard, particularly when so many of the owner's witnesses' testimony showed damages considerably in excess of the total amount of the verdict. The claim that if the half taken is only worth $197.92, the residue could only be damaged to the extent of $197.92, is not valid. The state's own witnesses testified that after the appropriation is completed, the residue will be worthless. Half of a one hundred dollar horse might be worth $5.00 for some purposes. It would not follow that therefore the damage occasioned by cutting the animal in half would be only five dollars, the reason being that in the process of division the horse is killed. So here, by taking half the state destroys the entire value of the property.

Hence, in view of the foregoing and the authorities above cited, it appears that the motion of the director of highways for a new trial should be overruled, and judgment entered upon the verdict, and an entry may be prepared accordingly.