IN RE APPROPRIATION OF LANDS FOR HIGHWAY PURPOSES: MASHETER, DIR. OF HIGHWAYS, APPELLEE, *v.* DIVER ET AL., APPELLANTS.

IN RE APPROPRIATION OF LANDS FOR HIGHWAY PURPOSES: MASHETER, DIR. OF HIGHWAYS, APPELLEE, *v.* GRUNDER ET AL., APPELLANTS.

[Cite as Masheter v. Diver, 20 Ohio St. 2d 74.]

(Nos. 69-195 and 69-196—Decided December 3, 1969.)

*Mr. Paul W. Brown,* attorney general, *Mr. Harry N. Kandel, Mr. Harry R. Paulino* and *Mr. William M. Collins,* for appellee.

*Mr. Frank R. Bodor* and *Mr. James E. Thorpe,* for appellants.

HERBERT, J. The primary question raised by these cases is: Where the Director of Highways, in a proceeding to appropriate land for purposes of widening a highway, files a Resolution and Finding to appropriate from the landowner a fee simple interest, and designates the interest sought

as "all right, title and interest in fee simple," without reservation or qualification, does such a taking include the right of ingress and egress to and from the landowner's abutting property?

The appellants, at their respective trials, submitted the following special instructions to the jury which were given, over objections, before final argument:

"You are instructed as a separate proposition of law that the State is taking all rights, title and interest in fee simple in the land appropriated * * * and that after this appropriation the property owner will no longer have any property rights, title or interest in said property appropriated."

"You are instructed as a separate proposition of law that you may take into consideration any and all damages to the residue of the property owner's land which, as may be shown by the evidence, are the necessary and reasonably certain results of the severance of part of the property from the whole and any use by the state of Ohio or its successors of those portions taken by the State of Ohio."

In its general charge, the trial court also instructed the jury that, in effect, all access and reversionary rights of the landowners were being taken.

The Court of Appeals held that such instructions constituted prejudicial error to the appellee because no language in the Resolution and Finding or the plans and specifications warrants a conclusion that the Director of Highways sought to appropriate any rights of access by the takings.

It is commonly understood that a fee simple is the highest right, title and interest that one can have in land. It is the full and absolute estate in all that can be granted. See, for example, 1 Tiffany, Real Property (3 Ed.), 38, Section 27.

Appellee argues that although the state acquires a fee simple title and that although by such acquisition, all reversionary rights are lost, the landowner nevertheless retains all abutter's rights, including the rights of access. Appellee further contends that unless rights of access are specifical-

ly acquired in the initial fee simple take, they continue to exist in an abutter and cannot be prejudiced or affected in any way by a later conveyance of that fee simple title by the director, unless such rights of access are properly extinguished by purchase, condemnation, gift or some other manner complying with the limitations of Section 19, Article I of the Constitution of Ohio.

This court has consistently held that the owner of property abutting on a public highway has the right to use that highway in common with other members of the public, and also the right of ingress and egress to and from his property, which latter right may not be destroyed without compensation. *State, ex rel. Merritt,* v. *Linzell* (1955), 163 Ohio St. 97, 126 N. E. 2d 53; *Rothwell* v. *Linzell* (1955), 163 Ohio St. 517, 127 N. E. 2d 524, appeals dismissed, 350 U. S. 1012, 100 L. Ed. 872; *State, ex rel. Schiederer,* v. *Preston* (1960), 170 Ohio St. 542, 166 N. E. 2d 748; *New Way Family Laundry, Inc.,* v. *Toledo* (1960), 171 Ohio St. 242, 168 N. E. 2d 885. Where the director appropriates an easement in land for highway purposes under Section 5519.01, Revised Code, the right of access to the abutting property is not taken. However, where that appropriating authority acquires property in fee simple, pursuant to Sections 5519.01 and 5501.11, Revised Code, and designates the interests taken as "all right, title and interest," he takes all that the owner possesses including the invisible as well as the visible. See, *State, ex rel. Lindemann,* v. *Preston* (1960), 171 Ohio St. 303, 170 N. E. 2d 409.

The director is empowered to purchase land for highway purposes in fee simple in the name of the state (Section 5501.11, Revised Code). When he does so, it necessarily must be assumed that he fully intended to take all rights and interest in the land, including rights of access to the abutting land. However, appellee argues, and the Court of Appeals held, that although the appropriation was designated as the taking of a fee simple, it was not such a take. Rather, it was intended as a "take" only in accordance with plans and specifications on file in the Department of Highways in Columbus, Ohio.

Even if it is assumed that the plans and specifications would clearly indicate that the rights of access of an abutting landowner would not be impaired by a fee simple take, the director is obligated to specifically state in the Resolution and Findings the nature of the title appropriated. The Resolution and Finding advises the landowner and all future purchasers of any lands affected by the appropriation as to what is being taken. Section 5519.01, Revised Code, specifically provides that the finding shall contain a definite, accurate and detailed description of the property, and that the director shall fix what he deems to be the value of the property, together with the damages to the residue. The director is required to file in either Probate or Common Pleas Court a copy of that Resolution and Finding, together with a copy of a plat which then must be served upon the property owner and recorded with the court.

The Resolution and Finding and the plat are the only documents to be filed in the court, and are the only pleadings that apprise the landowner of the quality and the quantity of rights taken. To permit the Director of Highways to file a Resolution and Finding asserting that he is taking a fee simple title and yet base the status of the rights taken upon plans and specifications which are subject to constant change and revision would thwart the requirement that the Resolution and Finding be filed in a court of the county within which the property is situated. Other than the Resolution and Finding and the plat, there would be no way to determine, from the records in the county, exactly what was appropriated and exactly what rights and interest were retained by the landowner.

As Judge Rutherford points out in his dissenting opinion in the Court of Appeals decision in the *Diver case*:

"If the director wishes to take a fee simple title but reserve to the landowner the right to ingress and egress to and from the residue, all he has to do is specify in the Resolution and Finding that the appropriation is of a fee simple title, subject to an easement for purpose of ingress and egress with the location being specified and if he wishes a further limitation he need only further specify that

such easement continue only for so long as the property appropriated continued to be used for highway purposes. He would thus acquire a fee simple title with reservations noted, which title would become evidenced in the recorders office by judgment entry made in accordance with the Resolution and Finding. * * * "

In these cases, because the director has appropriated the parcels in fee simple and taken all rights and interests, there must be compensation for all rights taken, including those of access to the adjoining property. The trial court did not commit prejudicial error when it instructed the jury that the terms "fee simple" and "all right title and interest in fee simple" included the taking of the rights of ingress and egress.

The remaining question is whether the trial court, in the *Grunder case,* abused its discretion by denying the director's motion to amend his Resolution and Finding from a taking in fee simple to a taking of a perpetual easement. A review of the record in this case convinces us that the director's assertion in this respect is not well taken.

The judgments appealed from are reversed and the judgments of the Court of Common Pleas are affirmed.

*Judgments reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER and CORRIGAN, JJ., concur.

DUNCAN, J., concurs in paragraphs one and two of the syllabus but dissents from the judgment.