In re Appropriation of Property for Highway Purposes: Director of Highways, Appellant, v. Lordstown Realty Co., Appellee.

(No. 1852—Decided March 27, 1970.)

*Mr. Thomas S. McDonald, Jr.,* for appellant.
*Mr. Frank R. Bodor,* for appellee.

HOFSTETTER, P. J. This cause comes before this Court of Appeals on questions of law from the Common Pleas Court of Trumbull County.

On July 2, 1965, the Director of Highways filed a resolution and finding to appropriate property belonging to Lordstown Realty, Inc., located on state Route No. 45 in Lordstown Township, south of the intersection of state Route No. 45 and Carson-Salt Springs Road.

When the case was called for trial on May 10, 1967, the state moved to strike the appeal on the grounds that Lordstown Realty, Inc., was no longer the owner of the property. The court permitted Lordstown Realty Co., a partnership, to be substituted for Lordstown Realty, Inc.

The state moved that the owners be required to disclose the names and addresses of the partners in Lordstown Realty, a partnership. The motion was overruled.

After the highway department engineer had testified, the director moved to amend the resolution and finding to conform to the evidence of the engineer that the interest being sought by the state was an easement rather than fee simple.

The case proceeded to trial, and the jury returned a verdict in the total amount of $22,800.

The state filed a motion for new trial, which was overruled by the Common Pleas Court, and it is from the judgment overruling that motion that this appeal has been taken to this court.

The state of Ohio sets forth five assignments of error.

ASSIGNMENT OF ERROR No. 1

The appellant claims that the court erred in not permitting the Director of Highways, during trial, to amend the resolution and finding. This court is of the opinion that the trial court did not abuse its discretion in refusing to permit such amendment, because the case had proceeded to trial based on the original resolution and finding, and all appraisals made for the trial were based upon that resolution and finding.

ASSIGNMENT OF ERROR No. 2

The appellant claims that the court erred in submitting to the jury the property owner's special instructions Nos. 1 and 8 before argument.

Special instruction No. 1 reads as follows:

"You are instructed as a separate proposition of law that the state is taking all rights, title and interest in fee simple in the land appropriated as Parcel No. 74-WD and that after this appropriation, the property owner will no longer have any property rights, title or interest in said property appropriated."

Special instruction No. 8 reads as follows:

"You are instructed as a separate proposition of law that by virtue of the state's having appropriated all right, title and interest in fee simple of the parcel of land known in this proceeding as 74-WD, the director, after determining that any such real property is no longer required for highway purposes, may at any time after this appropriation convey or transfer to any private persons, firms or corporations, all or any lesser estate or interest in said parcel to the highest bidder at public auction. Said real property, except for reasonable ingress and egress to the landowner's abutting property, can be used by any such private persons, firm or corporation for any lawful purpose whatsoever regardless of what the present plans and specifications of the State Highway Director show for the reconstruction of State Route No. 45."

This court is of the opinion that Special Instruction No.

1 is a correct statement of the law and that the trial court did not err in submitting it to the jury.

As to Special Instruction No. 8, this court does not find it to be a totally correct statement of the law, but neither does it find it to be prejudicial to the appellant. It has been argued that Special Instruction No. 8 should not have been submitted to the jury because it permits the jury to speculate on the issue of damages which might occur at a future date. The court cannot agree with this premise. There is nothing speculative about the exercise of a present right which exists at the moment land is acquired. Granted that the highway specifications do not presently disclose any intent for a use other than a highway, the fact remains that a fee simple title, along with "all right, title and interest" gives the owner the right to use the acquired land for any lawful purpose, and the jury should consider the damages accruing to the residue when the land acquired can be used for any lawful purpose as opposed to highway purposes only. It is entirely possible that a jury could find that *any other lawful purpose* to which a landowner in fee could put his land would be less damaging than use of the land as a public highway. At any rate, it is not speculative to emphasize to a jury what uses of land come within the uses available to a landowner who owns the fee simple title, along with all right, title and interest. The record of what rights belong to the state is evidenced by the title filed in the county recorder's office. If the state does not need "all right, title and interest," it has the prerogative of acquiring only that which it does need. The abutting landowner does not have that choice, and hence must be compensated *now* for all the rights taken.

That portion of Special Instruction No. 8 which reads, "Said real property, except for reasonable ingress and egress to the landowner's abutting property, can be used by any such private persons, firm or corporation for any lawful purpose whatsoever regardless of what the present plans and specifications of the state Highway Director show for the reconstruction of state Route No. 45,"

is not, in the opinion of this court, a correct statement of the law, if we are in accord with Special Instruction No. 1 and the first part of Special Instruction No. 8. Ordinarily, no holder of a fee simple title, along with all right, title and interest, has any reasonable ingress or egress to the landowner's abutting property. The intent of this latter portion of Special Instruction No. 8, if placed in its proper grammatical perspective, reads as follows:

"Said real property, [referring to that portion taken in fee] can be used by any such private persons, firm or corporation for any lawful purpose whatsoever regardless of what the present plans and specifications of the State Highway Director show for the reconstruction of state Route No. 45, *except for reasonable ingress and egress to the landowner's abutting property.*"

The appellant has not sought ingress or egress to the landowner's remaining property, nor did appellant acquire it in the acquisition of the fee simple title. The exception noted in the special instruction is the same as that which lawfully prevails, and therefore it cannot be prejudicial to the appellant.

ASSIGNMENT OF ERROR No. 3

The appellant claims that the court erred in giving the property owner's special instruction No. 4 before argument.

Special instruction No. 4 reads as follows:

"You are instructed as a separate proposition of law that the damages to the remainder of the property are not necessarily to be determined solely on the basis of the present intended use of the land taken by the Director of Highways or the present proposed location of the pavement planned in the present reconstruction of State Route No. 45. The land appropriated by the Director of Highways can be used for any purpose that the State may elect, and the State can change the location of the paved portion of the road on any portion of the highway, including the strip appropriated, at such later date *and in such manner* as the Director of Highways may deem advisable without further compensating the owners after this appropriation proceeding." (Emphasis added.)

The court is of the opinion that the four words, "and in such manner," as italicized above, constitute error in the charge, but not such as to be prejudicial to the appellant when considered from the viewpoint of the rights that are accorded anyone in the use of his property in a lawful manner when he has a fee simple title with "all right, title and interest" without being answerable to an adjoining property owner (in this case it being the land now constituting the residue). The language of the special instruction certainly is predicated on lawful usage of the land by the state of Ohio.

By the same token, we must and do agree with the appellant's quote from *Hosher* v. *Bd. of Commrs. of Fairfield County*, 14 C. C. (N. S.) 198, as affirmed by the Supreme Court at 84 Ohio St. 503. The Court of Appeals said, on page 202:

"We think the commissioners have the right to make the improvement contemplated, and they cannot be enjoined from making it; but if substantial damage results to the plaintiff and his lands by reason of that change, the county must answer to the plaintiff in damages thereof; and the fact that there were or may have been damages allowed in the original appropriation does not interfere with the plaintiff's right to maintain this action for damages occasioned by the contemplated improvement."

That language we believe is applicable when an owner of private property exceeds the authority of ownership that he may lawfully exercise without being liable in damages, and falls within the following quotation from 44 Ohio Jurisprudence 2d 261:

"All private property, no matter by whom owned, or by what title, is held subject to the rule that one must not use his property so as to deprive others of equal rights in, and enjoyment of, their property, expressed in the Latin maxim, 'sic utere tuo ut alienum non laedas' (so use your property as not to injure that of another)."

On the premise that the jury would rely upon the court's charge as being applicable to property rights exercised within those rights accorded any property owner without being answerable in damages, and that if those

private property rights are exceeded an action for damages would lie, we believe that the total charge is not prejudicial.

ASSIGNMENT OF ERROR No. 4

The appellant claims error by the Common Pleas Court in permitting Lordstown Realty Co., a partnership, to be substituted for Lordstown Realty, Inc., and in not requiring the partners' names and addresses to be disclosed.

As to this assignment of error, this court is of the opinion that the trial court did not err in permitting the substitution, but that it did err in not requiring the partners' names and addresses to be disclosed. However, in the absence of a showing of how failure to require the names and addresses to be disclosed prejudiced the appellant, this court is of the opinion that it was not prejudicial error.

ASSIGNMENT OF ERROR No. 5

For his fifth assignment, the appellant claims that the Common Pleas Court erred in permitting the appraiser for the property owner to testify that the state could sell the property, or fence it, or permit billboards or permanent structures to be built on it. It is this court's opinion that such testimony merely serves to point up to the jury the totality of the bundle of rights which accompanies that degree of record title known as "fee simple with all right, title and interest," as opposed to a limited fee or an easement for highway purposes either of which could have been appropriated by the appellant.

Hence, the court finds no prejudicial error in the fifth assignment.

It is this court's thinking that this opinion is in total accord with the views expressed by this court recently in *Director of Highways* v. *Kramer*, 23 Ohio App. 2d 219, and falls squarely within the framework of the law as enunciated in *Masheter* v. *Diver*, 20 Ohio St. 2d 74.

This court finding no prejudicial error, the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

JONES, J., concurs.

240

Cook, J., dissenting. I must respectfully disagree with my colleagues.

In this case, the Director of Highways is appropriating a parcel of property 1.15 acres across the front of a 146-acre tract of land owned by the Lordstown Realty Compay in order to widen existing state Route No. 45, which is not a limited access highway.

After the appropriation, the Lordstown Realty Company will remain the owners of approximately 145 acres of said tract of land still abutting on re-located state Route No. 45.

The appellee-property owner contends that the appropriation of the 1.15-acre tract in "fee simple—all right, title and interest" has the legal effect of extinguishing the right of access to the highway possessed by the remaining 145 acres which will abut upon re-located state Route No. 45, and, further, that he should be compensated for this loss as damages to the residue at the time of the appropriation proceedings.

This simply is not so.

I do not disagree with the legal proposition that, as a result of the taking of the parcel in "fee simple—all right, title and interest," the property owner is divested of all rights he possessed in the parcel being taken for highway purposes.

However, the right of access to the highway from the remaining 145 acres which continue to abut on state Route No. 45, is a property right of the remaining 145-acre tract and not a property right of the 1.15-acre tract being taken for highway purposes.

It is the established law of Ohio that an abutting owner's rights to light, air, view, ingress and egress are property which may not be interfered with or appropriated without making compensation therefor. *Crawford* v. *Delaware,* 7 Ohio St. 460; *Cincinnati & Spring Grove Street Ry. Co.* v. *Cumminsville,* 14 Ohio St. 523; *Railway Co.* v. *Lawrence,* 38 Ohio St. 41; *Cincinnati* v. *Whetstone,* 47 Ohio St. 196; *Varwig* v. *Cleveland, Cincinnati, Chicago & St. L. Rd. Co.,* 54 Ohio St. 455; *McQuigg* v. *Cullins,* 56 Ohio St. 649;

*Baltimore & Ohio Ry. Co.* v. *Lersch,* 58 Ohio St. 639; *Lotze* v. *Cincinnati,* 61 Ohio St. 272; *Kennear Mfg. Co.* v. *Beatty,* 65 Ohio St. 264; *Callen* v. *Columbus Edison Electric Light Co.,* 66 Ohio St. 166; *Schimmelmann* v. *Lake Shore & Michigan Southern Ry. Co.,* 83 Ohio St. 356; *Port Clinton* v. *Fall,* 99 Ohio St. 153; *Smith* v. *Central Power Co.,* 103 Ohio St. 681.

It is also the general rule in Ohio that it is immaterial whether the public holds the fee of the highway or street, or whether it has merely an easement, so long as it holds upon the same defined uses. *Scioto Valley Ry. Co.* v. *Lawrence,* 38 Ohio St. 41; *Callen* v. *Columbus Edison Electric Light Co., supra; Schaaf* v. *Cleveland, Medina & Southern Ry. Co.,* 66 Ohio St. 215.

*Callen* v. *Columbus Edison Electric Light Co.* states at page 174, this part of the law succinctly, as follows:

"* * * there is no substantial difference in the right of the owner of lands abutting upon a country highway in such highway and that of the owner of a lot abutting on a city street in such street. In the one case, where the fee is in the landowner, his rights in and over the streets are in their nature legal, while if the fee be in the public, the lawful rights of the abutting owners are in their nature equitable easements. In both situations the right of the public is for road or street purposes, and is necessarily limited to such control as is necessary to accomplish those purposes."

If such a property right exists it can only be extinguished by making compensation therefor.

If the Director of Highways wishes to interfere with such right and cannot purchase it from the owner, he may appropriate the right as he appropriates parcels of land on which the highway itself is to be constructed.

If the Director of Highways finds it necessary to appropriate property for highway purposes, including existing rights of access, he must follow R. C. 5519.01, the pertinent part of which reads as follows:

"If the Director of Highways is unable to purchase property for any purpose authorized by Chapters 5501.,

5503, 5505, 5511, 5513, 5515, 5517, 5519, 5521, 5523, 5525, 5527, 5529, 5531, and 5533. of the Revised Code, he shall first enter on the journal of the department of highways a finding that it is necessary, for the public convenience and welfare, to appropriate such property as he deems needed for such purposes. Such finding shall contain a definite, accurate, and detailed description of the property, and the name and place of residence, if known or with reasonable diligence ascertainable, of the owner of the property appropriated."

R. C. Chapter 5511 is entitled "STATE HIGHWAY SYSTEM," and R. C. 5511.02 specifically sets forth the director's power to create "limited access highways" and "freeways." R. C. 5511.02 reads, as follows:

"The Director of Highways may lay out, establish, acquire, open, construct, improve, maintain, regulate, vacate, or abandon 'limited access highways' or 'freeways' in the same manner in which the director may lay out, establish, acquire, open, construct, improve, maintain, regulate, vacate or abandon highways. The director, board, or municipal authority shall have all additional authority relative to such 'limited access highways' or 'freeways' as he possesses relative to highways, including the authority to acquire by gift, purchase, condemnation, or otherwise land required for right of way.

"Where an existing highway, in whole or part, has been designated as, or included within, a 'limited access highway' or 'freeway,' existing easements of access may be extinguished by purchase, gift, agreement or by condemnation.

"As an adjunct of any 'limited access highway' or 'freeway,' the director, board, or municipal authority may lay out and construct highways and drives, to be designated as service highways, to provide access from areas adjacent to a limited access highway or freeway.

"A 'limited access highway' or 'freeway' is a highway especially designed for through traffic and over which abutting property owners have no easement or right of access by reason of the fact that their property abuts

upon such highway, and access to which may be allowed only at highway intersections designated by the director.

"Limitations imposed on the mileage of state highways shall not apply to highways established under this section."

In the instant case, the Director of Highways, pursuant to R. C. 5519.01, made a finding that it was necessary to appropriate 1.15 acres of land belonging to Lordstown Realty Co. in "fee simple—all right, title and interest," but did not declare or find that relocated state Route No. 45 was to be a limited access highway, nor did he include any description required by R. C. 5519.01 that would indicate that he intended to appropriate the access rights of any abutting property owner.

A limited access highway is a type of highway, not an interest in real property. R. C. Chapter 5535 is entitled "TYPES OF HIGHWAYS" and R. C. 5535.02 repeats the definition of a "limited access highway" contained in R. C. 5511.02.

However, as a result of declaring a highway to be a "limited access highway," the Director of Highways, pursuant to his statutory authority, limits access on new highways and has the power to purchase or appropriate existing access rights on existing highways, which he may designate as "limited access highways."

In the instant case, prior to the appropriation of the 1.15 acre parcel for highway relocation, state Route No 45 had not been designated a "limited access highway," and Lordstown Realty Co. had the right of access from its 146-acre tract to state Route No. 45.

After the appropriation of the 1.15-acre tract, the remaining 145 acres belonging to Lordstown Realty Co. still abuts on relocated state Route No. 45 and, because of that fact, Lordstown Realty Co. still had the right of access from said 145 acres onto said relocated state Route No 45.

The position of the trial judge on the contention of the property owner that the taking of the 1.15-acre parcel in "fee simple—all right, title and interest" extinguished the access rights of the residue of the property owner's prop-

erty for which he must be compensated at the time of the appropriation proceedings appears from the record to be in a state of contradiction.

The trial judge overruled the objections of counsel for the property owner to the following questions and answers asked of Mr. Robert Weinkauf, an engineer for the state highway department, on direct examination:

"Q. Now Mr. Weinkauf, after the highway is completed, is there going to be any limitation of access to the property?

"A. The plans will show—the plans do show no physical barrier of any kind—no barrier or restriction."

"Q. Mr. Weinkauf, do the plans show any fencing by the highway after the highway is completed?

"A. There is no fencing of any kind provided on this project."

On cross-examination of Mr. Weinkauf, counsel for the property owner asked the following question and received the following answer:

"Q. When counsel asked you whether or not it was a limited access highway, you said it was not, is that true?

"A. That is true."

In his general charge to the jury, the trial court said:

"Now I want to tell you in regards to the rights remaining to the property owner, so there will be no confusion, that though the State is taking the fee simple, as I have previously described, the property owner does retain as a right incident to ownership abutting on a highway the right of reasonable ingress and egress."

Yet, the trial court permitted a Mr. Natale, over objection, to testify as follows:

"As far as I am concerned, they are taking all right, title and interest, that is just as though I would sell you a piece of my property. I would no longer own it. You could do what you wanted, and I would lose all of my rights to this property, and the State can sell it; the state *can fence it;* the State could permit billboards to be put there; permit structures and the property owners would have to be under constant fear that all along about a third of a mile of

the frontage, which is the most important part of the property, he will never know exactly what will happen." (Emphasis added.)

In my opinion, this testimony was erroneous and the state's objection to it should have been sustained. It is not a correct statement of the law as it applies to the parcel being taken in this case.

Not only that, but, if the property owner continues to have a right of access in the residue of his property abutting on state Route No. 45, then the state cannot fence the 1.15-acre tract appropriated, as Mr. Natale testified, because such a fence would interfere with said right of access.

The prejudicial effect of such testimony by Mr. Natale, and the estimates of value to which he testified based upon such erroneous conclusions, is shown on pages 117 and 118 of the record:

"Q. Now, if at some future date the state would fence this property, would you consider this to be damaging to the remainder of this parcel?

"A. Absolutely.

"Q. And did you take this into consideration in arriving at your damages in this case?

"A. This is one of my major considerations.

"Q. How much weight did you give this factor in your damages to the remainder as to the fact that the State was taking all right, title and interest in this property?

"A. I placed a value of damages there of $25,000."

In my opinion the Common Pleas Court committed prejudicial error in permitting Mr. Natale to testify, over objection, as to loss of access and the conclusion that the state had a right to fence along the new right of way line and thus eliminate the right of access from the residue to relocated state Route No. 45.

A second reason why I believe this judgment should be reversed is found in the court's special instruction No. 8, which reads:

"You are instructed as a separate proposition of law that by virtue of the state's having appropriated all right, title and interest in fee simple of the parcel of land known

in this proceeding as 74-WD the director after determining that any such real property is no longer required for highway purposes may at any time after this appropriation convey or transfer to any private persons, firms or corporations, all or any lesser estate or interest in said parcel to the highest bidder at public auction. Said real property, except for reasonable ingress and egress to the landowners abutting property, can be used by any such private persons, firm or corporation for any lawful purpose whatsoever regardless of what the present plans and specifications of the state highway director show for the reconstruction of State Route No. 45."

This special instruction is faulty in two respects.

First, it permits the jury to speculate as to damages to the residue.

As a general proposition, the amount of compensation to which a landowner, whose property is appropriated, is entitled depends upon the extent of the interest appropriated (*Dodson* v. *Cincinnati*, 34 Ohio St. 276), and the compensation paid him should be such as to make him whole—that is, such as to put him in as good a financial position after the appropriation as he was in before the appropriation. *Russell* v. *Jaster*, 28 Ohio Law Abs. 325.

Where an entire tract is taken, the market value thereof is the measure of recovery. But where only part of a tract is taken, as in the instant case, the elements of recovery are the market value of the part taken and the damages to the remaining property.

Generally speaking, where part of a parcel of land is taken for public use, the measure of compensation and damages is the difference between the value of the whole land immediately before and the value of the remaining part immediately after the taking. *Atlantic & Great Western Rd. Co.* v. *Campbell*, 4 Ohio St. 583; *Powers* v. *Hazelton & Letonia Ry. Co.*, 33 Ohio St. 429; *Dodson* v. *Cincinnati*, 34 Ohio St. 276; *Railway Co.* v. *Gardner*, 45 Ohio St. 309.

The difference in what the residue would sell for, with and without the part appropriated, is the measure of damages to the residue.

The compensation and damages to be recovered in condemnation proceedings must cover all future uses of the condemned property which are, or should be, within the contemplation of the parties at the time of taking, irrespective of the extent of present needs. *Ward* v. *Marietta & Newport Turnpike & Bridge Co.*, 6 Ohio St. 15; *Sears* v. *Hopley*, 103 Ohio St. 46.

However, there are limitations upon the rule of valuation, according to the adaptability of use of the property taken. The difference in the value of the owner's property caused by the appropriation must be ascertained with reference to the value of the property in view of its present character, situation and surroundings. *Powers* v. *Hazelton & Letonia Ry. Co.*, *supra.*

The question being one of present value, the wants to be considered are those of the present. The probabilities of the future are not to be taken into account, except as they affect the present.

The value being that as between seller and buyer today, the land is to be viewed in its condition and surroundings today, the same as it would be by buyers and sellers (*Cincinnati Southern Ry.* v. *Garrard*, 8 Dec. Rep. 389).

The uses which may be considered must be so reasonably probable as to have an effect on the present market value of the land, and a purely imaginary or speculative value cannot be considered.

There must be a possibility, considerable enough to be a practical consideration and actually to influence prices (18 American Jurisprudence 880, Section 244).

The value cannot be enhanced by consideration of a purely contingent and prospective character.

The limitations on the right to damages resulting from the exercise of the power of eminent domain are that such damages must be actual and not merely speculative or contingent (*Cleveland & Pittsburg Rd. Co.* v. *Ball*, 5 Ohio St. 568; *Powers* v. *Hazelton & Letonia Ry. Co.*, *supra*), proximate and not remote (*Symonds* v. *Cincinnati*, 14 Ohio 147; *Cleveland & Pittsburg Rd. Co.* v. *Ball*, 5 Ohio St. 568; *Lake Shore & Michigan Southern Ry. Co.* v. *Cincinnati*,

*Sandusky & Cleveland Ry. Co.*, 30 Ohio St. 604), and appreciable (*Hatch* v. *Cincinnati & Indiana Rd. Co.*, 18 Ohio St. 92).

Certainly, Special Instruction No. 8 is of a highly speculative nature. It is an attempt to paraphrase R. C. 5501.162, which is a permissive statute that may be used by the director if he determines the property is no longer needed for highway purposes.

There is no certainty, as of the date of appropriation, that such a possibility as to the parcel being appropriated will ever occur in the future, nor is it definite that the director will use such power if the land is not needed for highway purposes.

In addition, the last sentence of Special Instruction No. 8 is not a correct statement of the law. If the director were to dispose of the land appropriated in the future to a private owner, there would be no right of ingress and egress ''to the land owners abutting property.'' Nor would there be any right of ingress and egress from the land owners abutting property onto what had been formerly highway property since such a right would only exist as long as the land abutted on a highway.

Therefore, I am of the opinion the Common Pleas Court committed prejudicial error in giving Special Instruction No. 8.

For these two reasons, I am of the opinion this court should have reversed the judgment and remanded the cause for a new trial.