This cause came on for hearing upon a motion for reconsideration of an earlier opinion of this *Page 220 
court affirming the judgment of the Common Pleas Court in a proceeding in eminent domain.
On August 22, 1966, the Director of Highways of the state of Ohio, hereinafter referred to as appellant, filed in the Common Pleas Court a resolution and finding to appropriate a parcel of land from John and Agnes Kramer, hereinafter referred to as appellees, for the reconstruction of United States Route No. 422 in Trumbull County.
The resolution and finding stated that the highway had been declared a "limited access highway" or "freeway," and stated further that it was the intention of the appellant to appropriate in fee simple from the owner a parcel of property, described as Parcel 96 WD, which the evidence later revealed to be a strip approximately five feet wide and 100 feet long across the front of the property owned by the appellees.
On April 27, 1967, the Common Pleas Court permitted an amendment of the resolution and finding which deleted that portion of the first paragraph of the resolution and finding which declared the highway a "limited access highway" or "freeway." However, that amendment did not alter the appellant's intention to take Parcel 96 WD in fee simple.
On November 16, 1967, trial was begun in the Common Pleas Court. Shortly after the impaneling of the jury, the appellant approached the court with a second amended resolution, changing the nature of the taking from a fee simple absolute to a perpetual easement for highway purposes.
The court refused to permit the filing of the second amended resolution, and ordered the state to proceed on the first amended resolution, filed on April 27, 1967.
The cause then proceeded to trial and the jury returned a verdict of $4,250 for the land taken, $300 for the value of the structure taken and $16,500 for damages to the residue — for a total verdict of $21,050.
The appellant filed a motion for a new trial, which was overruled, and it is from the overruling of the motion that an appeal is taken to this court. *Page 221 
The appellant has filed five assignments of error.
 ASSIGNMENT OF ERROR NO. 1
In the instant case, the Director of Highways sought to appropriate the parcel in question in fee simple. During the trial he sought to change the interest being appropriated to one of "an easement for highway purposes."
This court is of the opinion that the refusal of the trial court to permit such an amendment during the trial did not constitute an abuse of discretion.
 ASSIGNMENT OF ERROR NO. 2
Predicated upon the decision of the Supreme Court, inMasheter v. Diver, 20 Ohio St.2d 74, and especially paragraph three of the syllabus therein, assignment of error No. 2 is not well taken. The applicable portion of that syllabus is as follows:
"* * * However, where the Director of Highways appropriates lands for highway purposes under Sections 5519.01 * * *, Revised Code, and the Resolution and Finding filed by the director indicates that such lands are to be taken `in fee simple' and designates the interests taken as `all right, title and interest,' without reserving any rights to the landowner, that appropriating authority takes all rights and interest in the land, including right of access to the abutting land."
That language makes it crystal clear that where lands are to be taken "in fee simple" and the interest taken is designated as "all right, title and interest," without reserving any rights to the landowner (the landowner in the Diver case as well as in the case at bar being also the succeeding abutting landowner, and, at all times, the only landowner involved), the right of access to the highway, formerly accorded the abutting landowner herein (and in Diver), is severed. Much concern has been expressed as to what effect the decision of Masheter v. Diver, supra, has on previous decisions of the Supreme Court, such as Railway Co. v.Lawrence, 38 Ohio St. 41, Callen v. Columbus Edison ElectricLight Co., 66 Ohio St. 166, and Schaaf v. Railway Co., 66 Ohio St. 215. The principles set forth in all those cases are simply and basically as follows: *Page 222 
1. The well-settled general rule in Ohio is that an abutting owner has a right to compensation or damages for a substantial invasion of his rights in a street or highway by the construction or operation of a public improvement.
2. An abutting owner's rights to light, air, view, ingress and egress are property rights which may not be interfered with or appropriated without making compensation therefor.
3. It is the general rule in Ohio, as to abutters' rights, that it is immaterial whether the public holds the fee of the highway or street, or whether it is merely an easement, so long as it holds upon the same defined uses.
Masheter v. Diver, supra, merely confirms and clarifies those earlier decisions. We must remember that in Railway Co. v.Lawrence, noted above, the street was dedicated to public use as a street, the fee thereof being vested in the city, in trust for such use. In the Callen case, supra, the municipal corporation held the fee by reason of a dedication of the fee to the city to be held for the use of the public for street purposes; and finally, in the Schaaf case, supra, the plaintiffs, whose land abuts on the public road, actually own the fee to the center of the road. All three of those cases support the proposition that an abutting owner's rights to light, air, view, ingress and egress are property rights which may not be interfered with or appropriated without making compensation therefor.
This same proposition is exactly what Masheter v. Diver,supra, holds. That is one of the few cases where the highway department acquired the fee simple title with all right, title and interest, as opposed to a fee title (as a matter of title record, by plat or otherwise) for road purposes only, and merely confirms all previous Ohio Supreme Court decisions that there must be compensation for all rights taken, including the right of access to the highway formerly held by the abutting landowner. The Diver decision, supra, firmly supports all previous decisions in this regard, and extends the reasoning to the new fact situation where the ownership of the fee by the public is absolute in nature, rather than in the nature of a trust as long as used for highway purposes. This same proposition of law *Page 223 
was spelled out in State, ex rel. Merritt, v. Linzell, 163 Ohio St. 97, in paragraph one of the syllabus:
"An owner of property abutting on a public highway possesses, as a matter of law, not only the right to the use of the highway in common with other members of the public, but also a private right or easement for the purpose of ingress and egress to and from his property, which latter right may not be taken away or destroyed or substantially impaired without compensation therefor."
We can not determine from the fact situation given in theLinzell case what title to the highway was held by the state. We do know, though, that the relators enjoyed an access easement to the old highway involved over the entire frontage of their premises. An appropriate syllabus for the case at bar would be:
"An owner of property abutting on a public highway possesses, as a matter of law, not only the right to the use of the highway in common with other members of the public, but also a private right or easement for the purpose of ingress and egress to and from his property, unless an appropriating body has acquired a fee simple title along with `all right, title and interest' to the land taken, and the abutting landowner, who previously had the right of ingress and egress to the highway, is compensated for his loss."
There appears to be no logical reason why the degree of ownership in land, when defined as a fee simple title with all right, title and interest, should be different when the owner is a government subdivision rather than a private party. Limitations on fee simple interests may properly be extended at the time of acquisition of the land so that the totality of title may always be determined from the public record thereof.
 ASSIGNMENT OF ERROR NO. 3
Where testimony as to after value of abutting property was based on accessibility of the property to the highway, which accessibility was inconsistent with the title taken, it was not an abuse of discretion, so as to be prejudicial, on the part of the trial judge to strike the testimony that was inconsistent with the title taken. *Page 224 
 ASSIGNMENT OF ERROR NO. 4
The Diver case, supra, refines the applicability of the law as set forth in Miller v. Berryhill Nursery Co., 7 Ohio App.2d 30. We must bear in mind that the state extended the right of access to the new abutting landowner in the Berryhill case, and could, with a fee simple title as acquired herein, also extend the right of access to an abutting owner if it wanted to do so. In the case at bar, the state, seeking to acquire all right, title and interest, has, under the Diver decision, totally limited the right of the abutting property owner to enter upon the highway from his property, and has compensated him by means of awarding the landowner for damages to the residue; hence there was no error in the court's charge to the jury when it said: "The property owners will have no right to enter upon the highway from their property."
It is interesting to note that the appellant in his assignment of error quoted from the opinion in the BerryhillNursery case, supra, as follows:
"The right of access to and from a public highway is one of the incidents of the ownership or occupancy of land abutting thereon. Such right is appurtenant to the land, and exists when the fee title to the way is in the public as well as when it is in private ownership * * * 25 American Jurisprudence 448, Highways, Section 154."
The appellant should have added the sentence that followed from 25 American Jurisprudence 448, Highways, Section 154, which states:
"It is a property right of which the owner cannot be deprived without just compensation."
With that supplemental language to give the quotation its full meaning, the language falls squarely within the thinking expressed in Masheter v. Diver, supra, and hence is totally applicable to the case now on appeal where just compensation for the property right was authorized by the lower court.
 ASSIGNMENT OF ERROR NO. 5
Where the title sought by the state (fee simple, with all right, title and interest) is inconsistent with the plans *Page 225 
proposed by the highway department which detail certain driveway proposals and show no limitation of access rights, but such plans do not become a part of the record title, it is not error to prevent an engineer from testifying as to the plans when the proposed motion to file a second amended resolution and finding in keeping with the plan prepared by the highway department had been overruled earlier in the trial.
For the reasons herein noted, it is the opinion of the court, after reconsideration of its earlier ruling, that the judgment of the Common Pleas Court should be, and is, affirmed.
Former judgment adhered to.
JONES, J., concurs.
COOK, J. This cause came on for hearing upon a motion for reconsideration of an earlier opinion of this court affirming the judgment of the Common Pleas Court in a proceeding in eminent domain.
On August 22, 1966, the Director of Highways of the state of Ohio, hereinafter referred to as appellant, filed in the Common Pleas Court a resolution and finding to appropriate a parcel of land from John and Agnes Kramer, hereinafter referred to as appellees, for the reconstruction of United States Route No. 422 in Trumbull County.
The resolution and finding stated that the highway had been declared a "limited access highway" or "freeway," and declared further that it was the intention of the appellant to appropriate in fee simple from the owners a parcel of property described as Parcel 96 WD, which the evidence later revealed to be a strip approximately five feet wide and 100 feet long across the front of the property owned by the appellees.
On April 27, 1967, the Common Pleas Court permitted an amendment of the resolution and finding which deleted that portion of the first paragraph of the resolution and finding which declared the highway a "limited access highway" or "freeway." However, that amendment did not alter *Page 226 
the appellant's intention to take Parcel 96 WD in fee simple.
On November 16, 1967, trial was begun in the Common Pleas Court. Shortly after the impaneling of the jury, the appellant approached the court with a second amended resolution, changing the nature of the taking from a fee simple absolute to a perpetual easement for highway purposes.
The court refused to permit the filing of the second amended resolution, and ordered the state to proceed on the first amended resolution filed on April 27, 1967.
The cause then proceeded to trial and the jury returned a verdict of $4,250 for the land taken, $300 for the value of the structure taken and $16,500 for damages to the residue — for a total verdict of $21,050.
The appellant filed a motion for a new trial which was overruled, and it is from the overruling of the motion that an appeal is taken to this court.
The appellant has filed five assignments of error.
In my opinion, all of the five assignments of error, except No. 1 and the first half of No. 2, are involved in two basic questions raised in this case that go to the foundation of the law of eminent domain in Ohio.
The first question is: "If the state of Ohio files a resolution and finding, under the authority of R. C. Chapter 5519, appropriating from the land owners a fee simple interest in a parcel of land, and designating the interest sought as all right, title and interest in fee simple without any restriction or qualification, does such an appropriation extinguish the abutting property owners' right of ingress and egress to or from the public highway or street in question?"
In my opinion, the answer to this question is, "No."
R. C. 5501.11 reads, in part, as follows:
"* * * title to property purchased or appropriated by the director shall be taken in the name of the state either in fee simple or in any lesser estate or interest which the director deems necessary or proper, in accordance with forms to be prescribed by the attorney general." *Page 227 
Usually the Director of Highways takes the land in fee simple, or in the form of a highway easement.
"An easement * * * [is] an interest in the land in the possession of another which entitles the owner of such interest to a limited use or enjoyment of the land in which the interest exists * * *." (18 Ohio Jurisprudence 2d 520, Easements, Section 2.)
"An estate in fee simple is the entire interest and property in the land." (20 Ohio Jurisprudence 2d 237, Estates, Section 8.)
In the instant case, the Director of Highways sought to appropriate the parcel in question in fee simple, although during trial he sought to change the interest being appropriated to one of an easement for highway purposes.
I am of the opinion that the refusal of the Common Pleas Court to permit such amendment during the trial did not constitute an abuse of discretion.
There is no doubt that the appropriation in fee simple of a parcel of property extinguishes all rights, visible and invisible, which the owner has in the parcel.
However, the question posed above is not concerned with any rights possessed by the owner of the appropriated parcel, but rather with the rights of owners abutting on the newly created highway right of way.
The well-settled general rule in Ohio is that an abutting owner has a right to compensation or damages for a substantial invasion of his rights in a street or highway by the construction or operation of a public improvement.
An abutting owner's rights to light, air, view, ingress and egress are property rights which may not be interfered with or appropriated without making compensation therefor. Crawford v.Delaware, 7 Ohio St. 459; Ohio Postal Tel-Cable Co. v.Smith, 128 Ohio St. 400.
Counsel for appellant would have us believe that the abutting property owner's rights of ingress and egress are terminated when the appropriated parcel is taken in fee simple.
However, it is the general rule in Ohio, as to such *Page 228 
abutter's rights, that it is immaterial whether the public holds the fee of the highway or street, or whether it is merely an easement, so long as it holds upon the same defined uses.Scioto Valley Ry. Co. v. Lawrence, 38 Ohio St. 41; Callen v.Columbus Edison Electric Light Co., 66 Ohio St. 166; Schaaf v.Cleveland, Medina Southern Ry. Co., 66 Ohio St. 215.
This proposition of law is clearly set forth in Callen v.Columbus Edison Electric Light Co., at page 174, as follows:
"* * * there is no substantial difference between the rights of the owner of lands abutting upon a country highway in such highway and those of the owner of a lot abutting on a city street in such street. In the one case, where the fee is in the landowner, his rights in and over the streets are in their nature legal, while, if the fee be in the public, the lawful rights of the abutting owners are said to be in their nature equitable easements. In both situations the right of the public is for road or street purposes, and is necessarily limited to the control necessary to accomplish those purposes."
Further, Section 5511.02 of the Revised Code states:
"The Director of Highways may lay out, establish, acquire, open, construct, improve, maintain, regulate, vacate, or abandon `limited access highways' or `freeways' in the same manner in which the director may lay out, establish, acquire, open, construct, improve, maintain, regulate, vacate or abandon highways. The director, board, or municipal authority shall have all additional authority relative to such `limited access highways' or `freeways' as he possesses relative to highways, including the authority to acquire by gift, purchase, condemnation, or otherwise land required for right of way.
"Where an existing highway, in whole or part, has been designated as, or included within, a `limited access highway' or `freeway,' existing easements of access may be extinguished by purchase, gift, agreement or by condemnation.
"As an adjunct of any `limited access highway' or *Page 229 
`freeway' the director, board, or municipal authority may lay out and construct highways and drives, to be designated as service highways, to provide access from areas adjacent to a limited access highway or freeway.
"A `limited access highway' or `freeway' is a highway especially designed for through traffic and over which abutting property owners have no easement or right of access by reason of the fact that their property abuts upon such highway, and access to which may be allowed only at highway intersections designated by the director.
"Limitations imposed on the mileage of state highways shall not apply to highways established under this section."
R. C. 5535.02, 5535.03, 5535.04 and 5535.05 specifically deal with a "limited access highway" or "freeway." Much of the material in those sections is repetitious of the above Section5511.02 but, in addition, provide for service highways and for court proceedings to acquire the necessary land for "limited access highways" or "freeways" to take precedence over other court proceedings.
The existence of those sections in the Code relative to a "limited access highway" certainly identifies what constitutes such a highway, and grants certain legal guide lines with reference to that type of highway.
I am of the opinion that if the Director of Highways seeks a "limited access highway" he must proceed according to those statutes which specifically refer to such a highway.
If the state of Ohio seeks to appropriate the abutting property owners' rights to ingress and egress to or from a public highway or street, R. C. 5519.01 requires a finding by the Director of Highways that the highway in question is to be a "limited access highway," and should further set forth the nature of the property rights appropriated.
In this case, the trial judge instructed the jury:
"Now, the Director of Highways is taking the fee simple to the five foot strip, and I tell you that by fee simple we mean the entire ownership of that particular parcel of land. That is to say, the property owners will *Page 230 
have no right to enter upon the highway from their property for, as was said in court, it limits access. The state becomes the absolute owner, and the property owners have only the right to use it the same as the general public has. That is for highway purposes."
He instructed the jury:
"In this case, as I have previously instructed you, the director is taking the property owners' right of access along Youngstown Road, and you may consider this fact in arriving at your determination of the damages to the residue."
The evidence in this case reveals that the Director of Highways has taken approximately a five-foot strip 100 feet long from the front of the property owners' property, but leaving them their residence abutting on Youngstown Road, the highway in question.
The above-quoted instructions of the court would lead one to believe that the owner of the parcel being taken would lose his abutting rights as to the residue of his property by the taking of the parcel in question in fee simple.
I am of the opinion that it is prejudicial error for a trial court, in an eminent domain proceeding, to instruct the jury that the appropriation by the Director of Highways in fee simple of a parcel of land for highway purposes has the legal effect of limiting access to the highway by abutting property owners after the appropriation, where no finding was made by the director that the highway in question was to be a "limited access highway" or a "freeway."
Accordingly, it is also my opinion that it was prejudicial error for the Common Pleas Court to strike the testimony of the expert witnesses for the state as to the value of the residue after the take, since this was not a "limited access highway," as held by the trial court.
The second basic question involved in this case is "where the state of Ohio appropriates a parcel of land for highway purposes in fee simple, and Section 5501.162 of the Revised Code provides that the Director of Highways may convey or transfer the fee simple estate or any *Page 231 
lesser estate in lands appropriated for highway purposes when he determines it is no longer needed by the state for such purposes, should the jury be permitted to consider, at the time of trial, such possible future sale as a basis of determining damages to the residue of the owners property?"
Again I am of the opinion the answer to this question is "No."
The limitations on the right to damages resulting from the exercise of the power of eminent domain are that such damages must be actual and not merely speculative or contingent (Cleveland Pittsburg Rd. Co. v. Ball, 5 Ohio St. 568;Powers v. Hazelton Letonia Ry. Co., 33 Ohio St. 429), proximate and not remote (Symonds v. Cincinnati, 14 Ohio 147;Cleveland Pittsburg Rd. Co. v. Ball, supra; Lake Shore Michigan Southern Ry. Co. v. Cincinnati, Sandusky ClevelandRy. Co., 30 Ohio St. 604), and appreciable (Hatch v.Cincinnati Indiana Rd. Co., 18 Ohio St. 92).
Paragraph six of the syllabus in the Powers case states:
"Where land is appropriated for a public use, a compensatory, not a speculative remuneration is guaranteed by the law for the land taken, and for the damage occasioned thereby to the remainder of the premises. The difference in the value of the owner's property, with the appropriation and that without it, is the rule of compensation. This difference must be ascertained with reference to the value of the property in view of its present character, situation, and surroundings. It cannot be enhanced by proving facts of a contingent and prospective character. * * *"
R. C. 5501.162 states, in part:
"The director of highways may convey or transfer the fee simple estate or any lesser estate or interest in, or permit the use of, for such period as he shall determine, any lands owned by the state and acquired or used for the state highway system or for highways or in connection with highways or as incidental to the acquisition of land for *Page 232 
highways, provided that he shall determine, and enter his determination on his journal, that the property or interest conveyed or made subject to a permit to use, is not needed by the state for highway purposes. * * *"
While there appear to be no Ohio cases directly in point, I am of the opinion that R. C. 5501.162 is a permissive statute since it employs the word "may," and even then such statutory power may only be exercised if the director determines that the land in question is not needed by the state for highway purposes.
To permit the jury to consider such power to sell would be permitting it to speculate as to when such an eventuality might occur (it could be hundreds of years in the future); whether the director would determine the land was not needed for highway purposes; whether the director would use such power or not; and, finally, it would permit the jury to speculate as to what types of legal use the property might be put if such sale were permitted or occurred (who knows now to what use the property could be legally put in the uncertain future?).
Certainly such a possibility as exists under Section 5501.162 cannot be said to be "proximate" or "actual," and it certainly must be considered to be "speculative and contingent" upon possible future happenings.
The Common Pleas Court instructed the jury:
"You are instructed as a separate proposition of law that by virtue of the state's having appropriated all right, title, and interest in fee simple of the parcel of land known in this proceeding as 96WD, the director, after determining that any such real property is no longer required for highway purposes may at any time after this appropriation convey or transfer to any private person, firm, or corporation all or any lesser estate or interest in said parcel to the highest bidder at public auction.
"Said real property can be used by any such private person, firm, or corporation, for any lawful purpose whatsoever."
In my opinion, it is prejudicial error, in an eminent domain proceeding, to instruct a jury that they may consider *Page 233 
in their determination of damages to the residue a possible sale by the Director of Highways under authority of R. C. 5501.162, since such a possible sale is speculative in nature and cannot be said to be "actual" and "proximate" damage.
Accordingly, I am of the opinion that the Common Pleas Court committed prejudicial error in charging on the nature of the estate being taken for highway purposes and as to the nature of possible damages to the residue.
Assignment of error No. 1 and the first half of assignment of error No. 2 are without merit, but those portions of assignments of error Nos. 2, 3, 4 and 5, dealing with the above two questions, should be found to be valid.
The judgment of the Common Pleas Court should be reversed and the action remanded for a new trial.