This cause comes before this Court of Appeals on questions of law from the Common Pleas Court of Trumbull County.
On July 2, 1965, the Director of Highways filed a resolution and finding to appropriate property belonging to Lordstown Realty, Inc., located on state Route No. 45 in Lordstown Township, south of the intersection of state Route No. 45 and Carson-Salt Springs Road.
When the case was called for trial on May 10, 1967, the state moved to strike the appeal on the grounds that Lordstown Realty, Inc., was no longer the owner of the property. The court permitted Lordstown Realty Co., a partnership, to be substituted for Lordstown Realty, Inc.
The state moved that the owners be required to disclose the names and addresses of the partners in Lordstown Realty, a partnership. The motion was overruled.
After the highway department engineer had testified, the director moved to amend the resolution and finding to conform to the evidence of the engineer that the interest being sought by the state was an easement rather than fee simple.
The case proceeded to trial, and the jury returned a verdict in the total amount of $22,800.
The state filed a motion for new trial, which was overruled by the Common Pleas Court, and it is from the judgment overruling that motion that this appeal has been taken to this court. *Page 235 
The state of Ohio sets forth five assignments of error.
 ASSIGNMENT OF ERROR NO. 1
The appellant claims that the court erred in not permitting the Director of Highways, during trial, to amend the resolution and finding. This court is of the opinion that the trial court did not abuse its discretion in refusing to permit such amendment, because the case had proceeded to trial based on the original resolution and finding, and all appraisals made for the trial were based upon that resolution and finding.
 ASSIGNMENT OF ERROR NO. 2
The appellant claims that the court erred in submitting to the jury the property owner's special instructions Nos. 1 and 8 before argument.
Special instruction No. 1 reads as follows:
"You are instructed as a separate proposition of law that the state is taking all rights, title and interest in fee simple in the land appropriated as Parcel No. 74-WD and that after this appropriation, the property owner will no longer have any property rights, title or interest in said property appropriated."
Special instruction No. 8 reads as follows:
"You are instructed as a separate proposition of law that by virtue of the state's having appropriated all right, title and interest in fee simple of the parcel of land known in this proceeding as 74-WD, the director, after determining that any such real property is no longer required for highway purposes, may at any time after this appropriation convey or transfer to any private persons, firms or corporations, all or any lesser estate or interest in said parcel to the highest bidder at public auction. Said real property, except for reasonable ingress and egress to the landowner's abutting property, can be used by any such private persons, firm or corporation for any lawful purpose whatsoever regardless of what the present plans and specifications of the State Highway Director show for the reconstruction of State Route No. 45."
This court is of the opinion that Special Instruction No. *Page 236 
1 is a correct statement of the law and that the trial court did not err in submitting it to the jury.
As to Special Instruction No. 8, this court does not find it to be a totally correct statement of the law, but neither does it find it to be prejudicial to the appellant. It has been argued that Special Instruction No. 8 should not have been submitted to the jury because it permits the jury to speculate on the issue of damages which might occur at a future date. The court cannot agree with this premise. There is nothing speculative about the exercise of a present right which exists at the moment land is acquired. Granted that the highway specifications do not presently disclose any intent for a use other than a highway, the fact remains that a fee simple title, along with "all right, title and interest" gives the owner the right to use the acquired land for any lawful purpose, and the jury should consider the damages accruing to the residue when the land acquired can be used for any lawful purpose as opposed to highway purposes only. It is entirely possible that a jury could find that any other lawful purpose to which a landowner in fee could put his land would be less damaging than use of the land as a public highway. At any rate, it is not speculative to emphasize to a jury what uses of land come within the uses available to a landowner who owns the fee simple title, along with all right, title and interest. The record of what rights belong to the state is evidenced by the title filed in the county recorder's office. If the state does not need "all right, title and interest," it has the prerogative of acquiring only that which it does need. The abutting landowner does not have that choice, and hence must be compensated now for all the rights taken.
That portion of Special Instruction No. 8 which reads, "Said real property, except for reasonable ingress and egress to the landowner's abutting property, can be used by any such private persons, firm or corporation for any lawful purpose whatsoever regardless of what the present plans and specifications of the state Highway Director show for the reconstruction of state Route No. 45," *Page 237 
is not, in the opinion of this court, a correct statement of the law, if we are in accord with Special Instruction No. 1 and the first part of Special Instruction No. 8. Ordinarily, no holder of a fee simple title, along with all right, title and interest, has any reasonable ingress or egress to the landowner's abutting property. The intent of this latter portion of Special Instruction No. 8, if placed in its proper grammatical perspective, reads as follows:
"Said real property, [referring to that portion taken in fee] can be used by any such private persons, firm or corporation for any lawful purpose whatsoever regardless of what the present plans and specifications of the State Highway Director show for the reconstruction of state Route No. 45, except for reasonableingress and egress to the landowner's abutting property."
The appellant has not sought ingress or egress to the landowner's remaining property, nor did appellant acquire it in the acquisition of the fee simple title. The exception noted in the special instruction is the same as that which lawfully prevails, and therefore it cannot be prejudicial to the appellant.
 ASSIGNMENT OF ERROR NO. 3
The appellant claims that the court erred in giving the property owner's special instruction No. 4 before argument.
Special instruction No. 4 reads as follows:
"You are instructed as a separate proposition of law that the damages to the remainder of the property are not necessarily to be determined solely on the basis of the present intended use of the land taken by the Director of Highways or the present proposed location of the pavement planned in the present reconstruction of State Route No. 45. The land appropriated by the Director of Highways can be used for any purpose that the State may elect, and the State can change the location of the paved portion of the road on any portion of the highway, including the strip appropriated, at such later date and in suchmanner as the Director of Highways may deem advisable without further compensating the owners after this appropriation proceeding." (Emphasis added.) *Page 238 
The court is of the opinion that the four words, "and in such manner," as italicized above, constitute error in the charge, but not such as to be prejudicial to the appellant when considered from the viewpoint of the rights that are accorded anyone in the use of his property in a lawful manner when he has a fee simple title with "all right, title and interest" without being answerable to an adjoining property owner (in this case it being the land now constituting the residue). The language of the special instruction certainly is predicated on lawful usage of the land by the state of Ohio.
By the same token, we must and do agree with the appellant's quote from Hosher v. Bd. of Commrs. of Fairfield County, 14 C. C. (N.S.) 198, as affirmed by the Supreme Court at 84 Ohio St. 503. The Court of Appeals said, on page 202:
"We think the commissioners have the right to make the improvement contemplated, and they cannot be enjoined from making it; but if substantial damage results to the plaintiff and his lands by reason of that change, the county must answer to the plaintiff in damages thereof; and the fact that there were or may have been damages allowed in the original appropriation does not interfere with the plaintiff's right to maintain this action for damages occasioned by the contemplated improvement."
That language we believe is applicable when an owner of private property exceeds the authority of ownership that he may lawfully exercise without being liable in damages, and falls within the following quotation from 44 Ohio Jurisprudence 2d 261:
"All private property, no matter by whom owned, or by what title, is held subject to the rule that one must not use his property so as to deprive others of equal rights in, and enjoyment of, their property, expressed in the Latin maxim, `sic utere tuo ut alienum non laedas' (so use your property as not to injure that of another)."
On the premise that the jury would rely upon the court's charge as being applicable to property rights exercised within those rights accorded any property owner without being answerable in damages, and that if those *Page 239 
private property rights are exceeded an action for damages would lie, we believe that the total charge is not prejudicial.
 ASSIGNMENT OF ERROR NO. 4
The appellant claims error by the Common Pleas Court in permitting Lordstown Realty Co., a partnership, to be substituted for Lordstown Realty, Inc., and in not requiring the partners' names and addresses to be disclosed.
As to this assignment of error, this court is of the opinion that the trial court did not err in permitting the substitution, but that it did err in not requiring the partners' names and addresses to be disclosed. However, in the absence of a showing of how failure to require the names and addresses to be disclosed prejudiced the appellant, this court is of the opinion that it was not prejudicial error.
 ASSIGNMENT OF ERROR NO. 5
For his fifth assignment, the appellant claims that the Common Pleas Court erred in permitting the appraiser for the property owner to testify that the state could sell the property, or fence it, or permit billboards or permanent structures to be built on it. It is this court's opinion that such testimony merely serves to point up to the jury the totality of the bundle of rights which accompanies that degree of record title known as "fee simple with all right, title and interest," as opposed to a limited fee or an easement for highway purposes either of which could have been appropriated by the appellant.
Hence, the court finds no prejudicial error in the fifth assignment.
It is this court's thinking that this opinion is in total accord with the views expressed by this court recently inDirector of Highways v. Kramer, 23 Ohio App.2d 219, and falls squarely within the framework of the law as enunciated inMasheter v. Diver, 20 Ohio St.2d 74.
This court finding no prejudicial error, the judgment of the Common Pleas Court is affirmed.
Judgment affirmed.
JONES, J., concurs. *Page 240