**OCHSENBINE et al., Appellants,**

v.

**VILLAGE OF CADIZ et al., Appellees.**

[Cite as *Ochsenbine v. Cadiz,* 166 Ohio App.3d 719, 2005-Ohio-6781.]

Court of Appeals of Ohio,
Seventh District, Harrison County.

No. 04 HA 571.

Decided Dec. 20, 2005.

Gutentag & Associates, L.L.C., and Mark S. Gutentag, for appellants.

Mark Beetham, for appellees Anthony and Gail DeWalt, Michael and Jodi Best, Clifford and Pamela Hirt, Angela Kay Martin, John and Lorrie Jackson, and Pamela Smith.

---

DeGenaro, Judge.

{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. It involves a property dispute between plaintiffs-appellants, Thomas and Kimberly Ochsenbine, and defendants-appellees, the village of Cadiz, John and Lorrie Jackson, Michael and Jodi Best, Anthony and Gail DeWalt, Clifford and Pamela Hirt, Angela Kay Martin, and Patricia Smith. The Ochsenbines appeal the decision of the Harrison County Court of Common Pleas that quieted title over the property in the name of appellees. The Ochsenbines argue that appellees failed to prove that they had any claim on the property, that the evidence regarding appellees' claim is in conflict, and that the Ochsenbines own the property in question in fee simple.

{¶ 2} We disagree with the Ochsenbines' argument that they own the property in question in fee simple. However, we agree that there are genuine issues of material fact regarding whether appellees own the property in question. Appellees' affidavits claim they do, but the Ochsenbines' expert testified that they could not, so there is a genuine issue regarding whether these individuals own the disputed property, and the trial court improperly granted summary judgment on this issue. Its decision is reversed, and this cause is remanded for further proceedings.

## Facts

{¶ 3} In 1853, the Steubenville & Indiana Railroad Company ("SIRC") acquired a right of way for the purpose of constructing and operating a railroad over a strip of land through appropriation proceedings in the Harrison County Probate Court. This property interest was acquired on property then belonging to Thomas Grimes and Henry Boyles. The appellees in this case are the successors in interest and title to Grimes and Boyles.

{¶ 4} In the 1980s, Consolidated Rail Corporation, the successor in interest to SIRC, ceased using the premises for railroad purposes. Thereafter, Conrail's interest in that property was transferred to the Ochsenbines through a series of conveyances.

{¶ 5} When the Ochsenbines attempted to gain zoning variances for their property, questions of property ownership were raised and this action was brought. The Ochsenbines sued Cadiz and several other persons who owned real estate abutting the strip of land in question. With their complaint, the Ochsenbines sought to quiet title over the property in question and sought a judgment declaring that they were the owners of that property. The individual property owners filed cross-claims seeking to quiet title in their names. The parties eventually filed cross-motions for summary judgment. The trial court concluded that the Ochsenbines had no ownership or other cognizable legal interest in the premises and granted appellees' motions for summary judgment. In doing so, it quieted title for those people who were successors to Grimes and Boyles.

## Standard of Review

{¶ 6} On appeal, the Ochsenbines' sole assignment of error argues:

{¶ 7} "The Harrison County Common Pleas Court erred in granting plaintiff-appellee's [sic]˙motion for summary judgment as material issues of fact remained to be determined and defendants-appellees were not entitled to judgment as a matter of law."

{¶ 8} In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 535, 629 N.E.2d 402. The party seeking summary judgment has the initial burden of informing the court of the motion's basis and identifying those portions of the record tending to show that there are no genuine issues of material fact on the essential elements of the nonmoving party's claim. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The movant must be able to point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claim. Id. "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). If this initial burden is met, the nonmoving party has a reciprocal burden to "set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not respond, summary judgment, if appropriate, shall be [granted]." Id.

{¶ 9} An appellate court reviews a decision granting summary judgment on a de novo basis. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is properly granted when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

## Action to Quiet Title

{¶ 10} The Ochsenbines argue that the trial court erred by concluding that appellees, rather than the Ochsenbines, owned the property. In particular, they contend that appellees failed to prove that they were successors in title to Grimes and Boyles, that the Ochsenbines' expert disputed their claims that they were the successors in interest to Grimes and Boyles, and that the instrument conveying the original property rights to the railroad company contained no word of reversion.

{¶ 11} An action to quiet title is a statutory cause of action under R.C. 5303.01. *Holstein v. Crescent Communities, Inc.,* 10th Dist. No. 02AP–1241, 2003-Ohio-4760, 2003 WL 22077778, at ¶ 26. That statute provides:

{¶ 12} "An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest. Such action may be brought also by a person out of possession, having, or claiming to have, an interest in remainder or reversion in real property, against any person who claims to have an interest therein, adverse to him, for the purpose of determining the interests of the parties therein."

{¶ 13} The purpose of any quiet-title action is to conclusively determine the allocation of property interests. *Lincoln Health Care, Inc. v. Keck,* 11th Dist. No. 2002–L–006, 2003-Ohio-4864, 2003 WL 22118380, at ¶ 23. "The burden of proof in a quiet title action rests with the complainant as to all issues which arise upon essential allegations of his complaint. He must prove title in himself if the answer denies his title or if the defendant claims title adversely." *Duramax, Inc. v. Geauga Cty. Bd. of Commrs.* (1995), 106 Ohio App.3d 795, 798, 667 N.E.2d 420. Since the Ochsenbines brought the present action to quiet title, they first establish ownership through adverse possession. *Didday v. Bradburn* (Feb. 22, 2000), 12th Dist. Nos. CA99–05–049, CA99–06–059, 2000 WL 197245, at 2.

## Ochsenbines' Ownership

{¶ 14} The Ochsenbines argue that the railroad company's original interest in the property was an indefeasible fee simple, rather than an easement, since the judgment entry granting its property interest in the land did not contain any reversionary language. Thus, they claim that they, as the successors in interest to the railroad company, are the rightful owners of the property.

{¶ 15} In Ohio, "a fee simple is the highest right, title and interest that one can have in land. It is the full and absolute estate in all that can be granted." *Masheter v. Diver* (1969), 20 Ohio St.2d 74, 78, 49 O.O.2d 350, 253 N.E.2d 780. In contrast, "[a]n easement is an interest in the land of another which entitles the owner of the easement to a limited use of the land in which the interest exists." *Szaraz v. Consol. R.R. Corp.* (1983), 10 Ohio App.3d 89, 91, 10 OBR 112, 460 N.E.2d 1133. Both an easement and a fee simple can be of unlimited duration. *Myers v. E. Ohio Gas Co.* (1977), 51 Ohio St.2d 121, 124, 5 O.O.3d 103, 364 N.E.2d 1369, fn. 3. Likewise, both could be awarded in an appropriation case. *Wray v. Wymer* (1991), 77 Ohio App.3d 122, 131, 601 N.E.2d 503.

{¶ 16} The Ohio Supreme Court has framed the question as follows: if the conveying instrument refers to "land," a fee is thereby conveyed; if the granting clause refers only to a "right," then it conveys only an easement. *Hinman v. Barnes* (1946), 146 Ohio St. 497, 505, 32 O.O. 564, 66 N.E.2d 911. This inquiry must be limited to the four corners of the document. Id. at 507–508, 32 O.O. 564, 66 N.E.2d 911. Courts also can look to whether the conveying instrument includes a right of reversion for the landowner should the land not be used for purposes for which the interest was granted. *Wray*, 77 Ohio App.3d at 131, 601 N.E.2d 503.

{¶ 17} In this case, there is some dispute regarding the words contained in the trial court's journal entry establishing the railroad company's interest in this property. Each of the individuals submitted affidavits citing a portion of the journal of the Harrison County Probate Court. According to their affidavits, the journal states that the apportionment action was "for the purposes of securing to said Corporation forever the right of way in, upon and across said parcel of land and for constructing and forever maintaining and keeping in repair thereon their rail road." However, none of those individuals attached an actual copy of the document they purported to quote from to their affidavits.

{¶ 18} Cadiz attached a copy of a different journal entry to its motion for summary judgment. That journal entry was entered after a jury trial on the damages the railroad company had to pay Grimes and Boyles. It stated that the railroad company brought the suit to obtain "the right of way" and that it "shall hold the property, rights and privileges in the statement and proceedings herein

mentioned for the purposes for which the same was appropriated and shall be entitled to execution for the possession thereof." The Ochsenbines attached a copy of this journal entry to their memorandum in opposition to summary judgment as well.

{¶ 19} While there is some discrepancy between the language quoted by the individuals and the language in the journal entry in the file, the operative language in each is the same. Each of them refers to the interest the railroad company received as a "right." As stated above, when the instrument states that it is conveying a "right," then it conveys an easement instead of a fee simple. *Hinman,* 146 Ohio St. at 505, 32 O.O. 564, 66 N.E.2d 911. Thus, the language quoted in either the individuals' affidavits or the journal entry submitted by Cadiz and the Ochsenbines demonstrates that the railroad company received an easement, not a fee simple.

{¶ 20} Since the Ochsenbines, as the railroad company's successor in interest, had only an easement, they never had an ownership interest in the property. Thus, the trial court properly granted summary judgment against them on this issue.

## The Appellees' Ownership

{¶ 21} The Ochsenbines next argue that the trial court erred when quieting title in the names of the individuals who claimed that they were successors to Grimes and Boyles. They contend that the individuals did not adequately support their claims for purposes of summary judgment and that their evidence conflicts with that of the Ochsenbines' expert witness. Furthermore, the Ochsenbines claim that their expert's testimony conflicts with the evidence provided by appellees.

{¶ 22} In the first of these two issues, the Ochsenbines argue that appellees failed to meet their initial burden under Civ. R. 56(C). The Ohio Supreme Court described that burden in *Dresher v. Burt:*

{¶ 23} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support [their] claims. If the moving party fails to satisfy its initial burden,

the motion for summary judgment must be denied." Id., 75 Ohio St.3d at 293, 662 N.E.2d 264.

{¶ 24} In support of their argument that appellees did not meet their initial burden, the Ochsenbines rely on the proposition in *Dresher* that the moving party may not simply make the conclusory assertion that the nonmoving party has no evidence to prove its case but must instead point to some evidence demonstrating that the nonmoving party has no evidence to prove its case.

{¶ 25} The Ochsenbines' argument here is based on the self-serving nature of the evidence relied on by appellees in moving for summary judgment. Specifically, the Ochsenbines argue that the affidavits relied on by appellees are self-serving, conclusory, and speculative. There is, however, no case law supporting the idea that the moving party may not rely on self-serving affidavits. To the contrary, "the rule of law regarding self-serving affidavits submitted during a summary judgment exercise applies only to the nonmoving party's use of such affidavits." *Belknap v. Vigorito*, 11th Dist. No. 2003-T-0147, 2004-Ohio-7232, 2004 WL 3090214, ¶ 26.

{¶ 26} In *Belknap*, the plaintiff sued his attorney for malpractice. The defendant then moved for summary judgment, which the court granted. In support of his motion for summary judgment, the defendant attached a self-serving affidavit.

{¶ 27} On appeal, the plaintiff questioned whether the party moving for summary judgment could rely on self-serving testimony. The court held that "a moving party's self-serving affidavit is adequate evidence under Civ.R. 56 to demonstrate the absence of any genuine issue of material fact" since a moving party's self-serving affidavit would not result in injustice as the opposing party would be given an opportunity to refute. Id. at ¶ 28. Moreover, a self-serving affidavit "may be the only way to initiate a summary judgment challenge * * * [given] the inherent difficulty in demonstrating a negative." Id. It is important to note that the court distinguished a movant's self-serving affidavit from a nonmovant's self-serving affidavit. Id.

{¶ 28} Here, appellees pointed to their own affidavits in support of their argument that title to the strip of land in question passed to them upon the railroad's abandonment of the easement. Appellees' affidavits stated that they believed themselves to be the "successor in interest and title to Henry Boyles and Thomas Grimes," the owners of the servient estate when the easement was originally granted. These affidavits clearly support appellees' claims for the purposes of summary judgment, so they met their initial burden as required by Civ.R. 56(C).

{¶ 29} Nevertheless, the Ochsenbines correctly argue that the trial court erred by concluding that there was not a genuine issue of material fact regarding who owned the property. Moving for summary judgment, appellees relied on their own affidavits and attached documents that stated that they were the successors in interest and in title to the parcel of land in question. The Ochsenbines introduced an affidavit by John Piccin, a civil engineer and licensed surveyor, which stated that he examined the survey and legal description of the property in question and the deeds of appellees and determined that they were not the rightful owners of the land in question. Specifically, he concluded that appellees' plats extended only up to the western edge of the appropriated railroad property.

{¶ 30} Appellees argue that Piccin's affidavit does not actually create a genuine issue of material fact since he failed to follow proper surveying protocols when reaching his conclusion. But appellees' arguments ask us to weigh the evidence, determine the credibility of the various witnesses, and discount the credibility of Piccin's affidavit. For the purposes of summary judgment, we must look at the evidence in the light most favorable to the nonmovant, so we cannot discount Piccin's affidavit, despite appellees' allegations that he did not follow proper surveying procedures.

{¶ 31} Since the evidence regarding appellees' ownership of the disputed property conflicts, the trial court erred by granting appellees' motion for summary judgment on this issue. While the land may not belong to the Ochsenbines, it is also not clear whether it was sold to appellees' predecessors. It is possible that the land belongs to the heirs of Boyles and Grimes. These issues would have to be resolved on remand before the trial court can quiet title in appellees' names. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings.

Judgment accordingly.

DONOFRIO, P.J., and VUKOVICH, J., concur.