**Mary MORRIS, Plaintiff**

v.

**UNITED STATES of America, Defendant.**

**Case No. 3:11CV2763.**

United States District Court,
N.D. Ohio,
Western Division.

Aug. 22, 2012.

Gordon C. Magella, Law Office of Mark R. McBride, Mark R. McBride, Mark R. McBride & Associate, Toledo, OH, for Plaintiff.

David M. Steiner, U.S. Department of Justice, Washington, DC, for Defendant.

### ORDER

JAMES G. CARR, Senior District Judge.

This case involves a federal tax lien against plaintiff Mary Morris, wife and

alleged nominee, alter-ego, transferee or fraudulent conveyee of Daniel Morris, who owes $226,600.64 in unpaid taxes for 1997–2000. On June 8, 2011, defendant, the Internal Revenue Service (IRS), filed a Notice of Federal Tax Lien (Notice) pursuant to 26 U.S.C. § 6331 against plaintiff, claiming that she was her husband's nominee/alter-ego/transferee/fraudulent conveyee,[1] encumbering certain of Mrs. Morris' property. The IRS filed the lien without giving Mrs. Morris prior notice or opportunity to be heard on her status as a nominee, nor did it provide any advance warning about imposition of the lien. Plaintiff claims this filing violated the Due Process Clause of the Fifth Amendment of the U.S. Constitution.

Jurisdiction is proper under 28 U.S.C. § 1331.

Pending is plaintiff's amended motion for judgment on the pleadings. [Doc. 13]. For the reasons that follow, I deny her motion.

## Discussion

In response to plaintiff's due process claim, the IRS argues that collection of federal tax revenues is a compelling government interest that satisfies due process through post-imposition hearings. It points out that plaintiff has multiple remedies to challenge the lien, including a quiet title hearing or challenge to the Notice with an administrative appeal within the IRS.

■ Both parties agree that the government may immediately take property without prior hearing or notice to collect tax revenues. *Phillips v. Comm'r*, 283 U.S. 589, 595, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). "[T]axes may be collected summarily without a pre-seizure judicial hearing." *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 352 n. 18, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977) (citing *Phillips*, 283 U.S. at 596–97, 51 S.Ct. 608).

Both parties also agree that the government may collect the unpaid taxes of a primary taxpayer by putting liens on property held by a nominee. *G.M. Leasing Corp.*, 429 U.S. at 350–51, 97 S.Ct. 619; *Al–Kim, Inc. v. United States*, 650 F.2d 944, 947 (9th Cir.1979).

Plaintiff contends that her case is analogous to *Reardon v. United States*, 947 F.2d 1509 (1st Cir.1991), which found that an EPA lien violated the Fifth Amendment by failing to provide, "at the very least, notice and a pre-deprivation hearing to a property owner." *Id.* at 1523–24.

Plaintiff's situation differs from that of the plaintiffs in *Reardon* in one crucial aspect: the lien here is a federal tax lien. "There is one situation, the federal tax lien, where the government's financial well-being may justify the draconian deprivation of its citizens' property [without notice or hearing].... The tax lien is a law unto itself, and arises from administrative necessity (as well as direct constitutional authority, see U.S. Const. art. I, § 8) not present here." *Id.* at 1523.[2]

---

1. For the purposes of this opinion, I refer to plaintiff's alleged status as "nominee," which encompasses all of the above statuses.

2. Additionally, requiring pre-imposition notice and hearing for an alleged nominee would defeat the purpose of the lien. The allegation in the lien is that the delinquent taxpayer has fraudulently transferred property to another to avoid its seizure at the hands of the government. If the property has been fraudulently transferred once, failing to encumber it while the nominee challenges the filing of the lien would allow the taxpayer potentially to transfer the property again, further frustrating collection efforts. The IRS pursues the nominee as the holder of the taxpayer's property, and so the same concerns that obviate the need for pre-imposition process for the taxpayer apply to the nominee.

██ As imposition of a federal tax lien without prior notice or process does not violate the Fifth Amendment, the issue, then, is whether the process available to an alleged nominee post-imposition satisfies due process.

As already noted, the plaintiff has two means of challenging the lien: an administrative appeal under the IRS' Collection Appeals Program (CAP), or a quiet title action under state law. 28 U.S.C. § 2410. Plaintiff argues that defendant should instead afford a Collections Due Process (CDP) hearing, which allows the contesting party to adjudicate her claim in court rather than through the IRS' administrative appeal process.

Whatever the insufficiency of the CAP appeal process, including lack of judicial review, the availability of judicial review *via* a quiet title action to determine whether plaintiff is truly a nominee cures any such deficiency.

The Supreme Court has held that, at a minimum, "due process requires some form of hearing is required before an individual is finally deprived of a property interest." *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). The question, then, is whether a quiet title proceeding allows the plaintiff to be heard at a meaningful time and in a meaningful manner before being deprived of her property interest in a final fashion.

Although our Court of Appeals has not directly addressed the issue of a quiet title action's constitutionality under the Due Process Clause of the Fifth Amendment, it has held that a quiet title action under relevant state law is a permissible method of determining whether a nominee lien is valid. *Cf. Spotts v. United States,* 429 F.3d 248 (6th Cir.2005) (district court erred in not applying state law to an alleged nominee's quiet title action to defeat a filing of federal tax lien).

██ Ohio provides for actions for quiet title. ORC § 5303.01. The plaintiff may join the federal government as a party to the action. 28 U.S.C. § 2410; ORC § 5303.01. "The purpose of any quiet title action is to conclusively determine the allocation of property interests. The burden of proof in a quiet title action rests with the complainant as to all issues which arise upon essential allegations of his complaint." *Ochsenbine v. Cadiz,* 166 Ohio App.3d 719, 723, 853 N.E.2d 314 (2005).

Although plaintiff has the burden of proof in any potential quiet title suit, such action provides a full and fair opportunity to adjudicate the matter in a court of record. The IRS could not finally deprive plaintiff of her property interest until after a court rendered a final judgment.

Because imposition of a federal tax lien without prior notice or hearing does not violate due process as to an alleged nominee, and the availability of post-imposition hearing and judicial review provides sufficient due process, I deny plaintiff's motion for judgment on the pleadings.

### Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT: plaintiff's motion for judgment on the pleadings [Doc. 13] be, and the same hereby is denied.

So ordered.