BARTLETT, J.
{¶ 1} Defendant-Appellant, Ohio Acres4U, appeals the Harrison County Court of Common Pleas decision to grant summary judgment in favor of Plaintiffs-Appellees, John and Donna Koch. Defendant-Appellant also appeals the court's denial of its motion to strike certain exhibits. Plaintiff-Appellees originally initiated this action for declaratory judgment and to quiet title against Defendant-Appellants relative to a parcel of real property containing 2.739 acres. The trial court held that Appellees were current in their property tax payments and a tax sale is void where no taxes were owed on the subject property. Additionally, the trial court held that the county auditor's failure to fulfill statutory notice requirements voided the auditor's sale of the same property to Appellant.
{¶ 2} Appellant argues that genuine issues of material fact exist with respect to the trial court's determinations that: (1) taxes due on the 2.739 acre parcel were regularly paid by Appellees prior to the sale; (2) the auditor violated statutory notice requirements during the foreclosure proceedings against Liggett, et al.; (3) Appellees hold good title to the 2.739 acre parcel; and (4) Appellant's chain of title is defective. The Appellant further asserts that the trial court predicated summary judgment on evidence that was improperly authenticated and constituted both hearsay and improper expert testimony. We find that no genuine issues of material fact exist, therefore, the trial court did not abuse its discretion in considering evidence offered by Appellees. Additionally, there was clear and convincing evidence in the record to support the trial court's conclusion that the auditor's sale to Appellant was void and Appellees hold good title to the 2.739 acre parcel at issue. The judgment entries of the trial court are affirmed.
Facts and Procedural History
{¶ 3} In 1997, Appellees purchased 112.325 acres of real estate in Section 25, Township 12, Range 7 of Harrison County from Edna Patterson via warranty deed. The deed transferred all of the land south of the dividing line between Washington and Freeport Townships, including the 2.739 acre parcel at issue in this case. The deed identifies four parent parcels owned by Patterson from which the 2.739 acre parcel was taken. The deed contains a metes and bounds description from a survey conducted by Charles W. Johnson at the time of the sale.
{¶ 4} In 2004, the Harrison County Treasurer initiated proceedings to foreclose on a number of tax liens in the *751 county, including a lien on 1.5 acre parcel located in Freeport Township, Section 25, Township 12, and Range 7. The last known owners were Joan H. Liggett, et al.
{¶ 5} Despite having been provided with multiple notices of the tax delinquency on the parcel, including notice by publication, which included the delinquency, parcel number, deed reference (with no volume or page number), and the last known owners' names, the tax bill was not paid and no appearance was made. The trial court entered default judgment foreclosing on the property.
{¶ 6} On November 9, 2009, the Harrison County Auditor sold the parcel at auction to Appellant for a sum of $400.00. The deed was recorded in the Harrison County Recorder's Office on May 18, 2011. A survey of the parcel was conducted following the sale. The 2011 survey description created by William McCullough, reads as follows:
Situated in the Township of Freeport, Harrison County and State of Ohio; and being part of northeast quarter of section 25, township 12 and range 7 and being all of 1.5 acre tract more or less owned by Joan H. Ligget [sic], et al., Vol. 228 Page 241, parcel no. 09-000228.000. This the [sic] property that was sold at Auditors Sale on November 9, 2009 and the 2.5 acre tract in section 25 along the North line of section was created on September 9, 1834 past Auditors somehow determined that this tract consisted of a 1.5 acre tract and a 1.00 acre tract a good and accurate metes and bounds description can not [sic] be found and the only description for Vol. 228 page 241 reads as follows to a stake on the North bank at water edge thence with the meanderings of the creek to a line of trees in the section time and being more fully described as follows * * *.
(Attachment to Deed, Exhibit A-26, Reply dated August 2, 2016.)
{¶ 7} The attachment to the deed provides a metes and bounds description. In addition to the 2.5 acres, the county added .239 acres, creating the 2.739 parcel at issue in this case.
{¶ 8} Approximately three and half years after the parcel was sold to Appellant and approximately two years after the deed to the parcel was recorded, Harrison County Deputy Auditor, Judy Heath, sent a letter to the parties opining that, based upon 1997 Survey, Appellees rightfully owned the 2.739 acre parcel, and that the auditor's sale to Appellant should be rescinded. The Heath letter prompted Appellees to initiate this action naming Appellant, the county auditor, and two other parties that are not relevant to this appeal.
{¶ 9} In their motion for summary judgment, Appellees asserted that Patterson held good title to the parcel at issue in this case through a valid chain of title, while further maintaining that Appellant's title traced through an invalid chain. In support of the motion, Appellees offered evidence relating to the four parent parcels, including deeds, certificates of transfer, a partial copy of the track index for Section 25, Township No. 12, Range No. 7 from Harrison County, and title chain worksheets prepared by Appellees. Appellees also offered tax records demonstrating that they were current in the property taxes owed on the 112.325 acre parcel to argue that the auditor's sale was void pursuant to Ohio law.
{¶ 10} Appellant, on the other hand, offered no evidence in support of its opposition brief. Appellant chose instead to argue that Appellees failed to fulfill their burden of proof on summary judgment. Appellant argued that Appellees failed to establish by clear and convincing evidence *752 that they paid property taxes on the parcel, the auditor violated statutory notice requirements, they held good title to the parcel, and Appellant's title was defective. Appellant further argued that genuine issues of material fact existed with respect to all of the foregoing issues, and, therefore, summary judgment was inappropriate. Further, in a motion to strike, Appellant asserted that the trial court should not consider the 1997 Survey and the Heath letter, because they were not properly authenticated, consisted of inadmissible hearsay, and that Johnson the surveyor had not been qualified as an expert.
{¶ 11} In the judgment entry denying the motion to strike, the trial court concluded that the Heath letter constituted an admission by a party opponent - a point conceded by Appellant, and, accordingly, was an exception to the rule against hearsay. The trial court further held that the 1997 survey was a statement for which the party opponent manifested an adoption of belief in its truth, and, pursuant to Evid. R. 801(D)(2)(b), was properly before the trial court. The trial court did not address Appellant's challenges based upon improper authentication and qualification of expert testimony.
{¶ 12} In the summary judgment entry, the trial court offered no analysis of Appellees' chain of title, but provided the following summary of the Appellant's chain of title:
[Appellant] claim[s] title under the "Beebe chain." The present Harrison County Auditor has repudiated the Beebe chain in an attempt to correct a 146 year error... [Appellant's] chain is traced to an 1886 Auditor's deed filed at Vol. 36, Page 300 which conveys 1.5 acres from George A. Crew, Auditor to W.B. Beebe. It lists the prior owner and delinquent taxpayer as Stewart J. Bee[be]. However, there is no record of Stewart J. Bee[be] ever receiving any property in Section 25 Freeport Township. This chain of title eventually became a parcel in the name of Joan Liggett. This parcel was sold for back taxes at a public auction....
{¶ 13} The trial court then relied upon R.C. 5723.14 to conclude that the auditor's sale to Appellant was void. The statute reads, in pertinent part:
The sale of any tract or lot of land under sections 5723.01 to 5723.19, inclusive, of the Revised Code [captioned "Forfeited Lands"], on which the taxes and assessments have been regularly paid previous to such sale, is void, and the purchaser, his heirs, or assigns, on producing the certificate of sale to the county auditor shall have his money refunded from the county treasurer.
{¶ 14} The trial court held that Appellees were current in their tax payments on the 112.325 acre parcel, and, as a consequence, the auditor's sale to Appellant was void. Although the trial court offered no analysis of Appellees' chain, its holding necessarily includes a finding that Appellees hold good title to the 2.739 acre parcel.
{¶ 15} Next, the trial court held that the County failed to comply with the notice requirements of R.C. 5721.18 prior to the auditor's sale to Appellant. Subsection (B)(1) reads, in pertinent part:
In any county that has adopted a permanent parcel number system, the parcel may be described in the notice by parcel number only, instead of also with a complete legal description, if the prosecuting attorney determines that the publication of the complete legal description is not necessary to provide reasonable notice of the foreclosure proceeding to the interested parties. If the complete legal description is not published, the notice *753 shall indicate where the complete legal description may be obtained.
{¶ 16} The trial court found that the notice in this case included only the parcel number, without any reference to the location where the complete legal description of the property could be found, and, therefore, the notice violated due process.
{¶ 17} Based on the foregoing analysis, the trial court entered summary judgment in favor of Appellees, declaring that the auditor's deed to Appellant was void and should be stricken from the public record. The trial court further found that "title to the 2.739 acres is quieted in the names of [Appellees] and that they still own a total of 112.325 acres, as set forth in their deed." 9/26/16 J. E. at p. 4. Finally, the trial court ordered the county to reimburse Appellant the purchase price plus the recording fees, and to permanently remove parcel number 09-000228.000 from the county tax records.
Standard of Review
{¶ 18} An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. Ohio Govt. Risk Mgt. Plan v. Harrison , 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. Summary judgment is proper if the court, viewing the evidence in a light most favorable to the opposing party, determines there are no genuine issues as to any material facts; the movant is entitled to judgment as a matter of law; and that reasonable minds can come to but one conclusion which is adverse to the opposing party. Civ.R. 56(C) ; Byrd v. Smith , 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt , 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. Id. at 293, 662 N.E.2d 264.
{¶ 19} "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." Id. at 254, 106 S.Ct. 2505. Accordingly, in determining whether a triable issue of fact exists so as to preclude summary judgment, a court should determine whether a reasonable jury could find that the evidence satisfies the evidentiary standards required at trial. Only then does a genuine issue of material fact precluding summary judgment exist.
{¶ 20} Pursuant to Civ.R. 56(C) :
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.
{¶ 21} The proper method for introducing evidentiary materials not specifically authorized by Civ.R. 56(C) is to incorporate them by reference into a properly framed affidavit. Martin v. Central Ohio Transit Auth. , 70 Ohio App.3d 83, 89, 590 N.E.2d 411 (1990).
*754 {¶ 22} The standard of review for a motion to strike is abuse of discretion by the trial court. Citibank v. McGee , 7th Dist. No. 11-MA-158, 2012-Ohio-5364, 2012 WL 5864006, ¶ 11. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore , 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Absent an abuse of discretion that materially prejudices the complaining party, the trial court's determination whether to exclude or admit evidence will stand. Torres v. Getzinger , 7th Dist., 2012-Ohio-5613, 983 N.E.2d 782, ¶ 19 citing Krischbaum v. Dillon , 58 Ohio St.3d 58, 66, 567 N.E.2d 1291, 1298-1299 (1991).
Law
{¶ 23} This is an action for declaratory judgment and to quiet title. A declaratory judgment action is statutory in nature. R.C. 2721.03, reads, in pertinent part:
* * * any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.
{¶ 24} An action to quiet title is a statutory cause of action under R.C. 5303.01. See Scarberry v. Lawless , 4th Dist. No. 09CA18, 2010-Ohio-3395, 2010 WL 2838531, ¶¶ 18-20 citing Holstein v. Crescent Communities, Inc. , 10th Dist. No. 02AP-1241, 2003-Ohio-4760, 2003 WL 22077778, at ¶ 26. R.C. 5303.01 states:
An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest. Such action may be brought also by a person out of possession, having, or claiming to have, an interest in remainder or reversion in real property, against any person who claims to have an interest therein, adverse to him, for the purpose of determining the interests of the parties therein.
The purpose of any quiet-title action is to conclusively determine the allocation of property interests. Ochsenbine v. Village of Cadiz , 7th Dist., 166 Ohio App.3d 719, 2005-Ohio-6781, 853 N.E.2d 314, ¶ 13. "The burden of proof in a quiet title action rests with the complainant as to all issues which arise upon essential allegations of his complaint. He must prove title in himself if the answer denies his title or if the defendant claims title adversely." Id.
{¶ 25} Furthermore, when a party requests the court to quiet title based upon rescission or cancellation of deed, a court must presume that a deed executed in the correct form is valid and must not set it aside except upon clear and convincing evidence. See Henkle v. Henkle , 75 Ohio App.3d 732, 735, 600 N.E.2d 791 (12th Dist.1991), citing Weaver v. Crommes , 109 Ohio App. 470, 474-75, 167 N.E.2d 661 (2nd Dist.1959). "Clear and convincing evidence" is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." In re Haynes (1986), 25 Ohio St.3d 101, 103-04, 495 N.E.2d 23 ; see, also, *755 State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54. In reviewing whether the lower court's decision was based upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." Schiebel , 55 Ohio St.3d at 74, 564 N.E.2d 54.
Analysis
{¶ 26} Appellant advances two assignments of error. The first challenges the summary judgment entry, the second challenges the judgment entry overruling the motion to strike.
First Assignment of Error
WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN APPELLEES' FAVOR WHERE GENUINE ISSUES OF MATERIAL FACT EXISTED REGARDING WHETHER APPELLEES PROVED THAT (1) APPELLANT'S DEED TO THE PARCEL WAS INVALID; (2) THEY HELD TITLE TO THE PARCEL AND PAID TAXES ON THE PARCEL; AND (3) THE PROCEDURAL REQUIREMENTS FOR A TAX SALE HAD NOT BEEN MET.
{¶ 27} Appellant argues that genuine issues of material fact exist with respect to the trial court's determinations that: (1) taxes due on the 2.739 acre parcel were regularly paid by Appellees prior to the sale; (2) the auditor violated statutory notice requirements during the foreclosure proceedings against Liggett, et al.; (3) Appellees held good title to the 2.739 acre parcel; and (4) Appellant's chain of title was defective. In the alternative, Appellant contends that the trial court's conclusions are not supported by clear and convincing evidence.
{¶ 28} First, Appellant relies on the fact that Appellees' tax bills from 1997 through 2014 attribute only 102.509 acres to auditor's tax parcel 090000042000, to argue that genuine issues of material fact exist with respect to the applicability of R.C. 5723.14. Although the amount of acreage was misstated in Appellees' early tax bills, the error was corrected in 2015 and the tax amount did not change as a result of the correction. Because the parties agree that Appellees' deed includes the 2.739 acre parcel, we find that the tax bills constitute clear and convincing evidence that Appellees made timely tax payments on the parcel at issue, and that summary judgment voiding the auditor's sale to Appellant pursuant to R.C. 5723.14 was appropriate.
{¶ 29} Next, Appellant contends that the auditor did not violate statutory notice requirements regarding the property description. Appellant asserts that the notice included the names of the prior owners - Joan H. Liggett, et al. - and, therefore, a legal description of the property could be found in the county recorder's office.
{¶ 30} The Liggett certificate of transfer contains the following description: 1/3 interest in real estate located in Freeport Township - 1 parcel: Situated in Freeport Township in said county and state. Being a part of the North East Quarter of Section 25, Township 12, Range 7, containing 1.5 acres, more or less, recorded in Volume 128, page 388. P.P. #09-00228. However, Volume 128, page 338 is not included in the record before this Court. Consequently, Appellant has failed to offer evidence in support of his assertion that a complete legal description could be obtained based upon the information provided in the notice. Accordingly, we find that the description does not fulfill the statutory notice *756 requirements, and summary judgment was appropriate based upon R.C. 5721.18(B).
{¶ 31} Third, Appellant alleges that gaps and inconsistencies in Appellees' chain of title, which involves a review of the title chains for each of the four parent parcels owned by Patterson, prohibit summary judgment in this case. However, the partial track index, deeds, certificates of transfer, and title chain worksheets attached to the motion for summary judgment and reply constitute clear and convincing evidence of Appellees' chain of title. While an unbroken chain of title is ideal, it is simply not possible here. Nonetheless, the evidence before the trial court established a "firm belief or conviction," In re Haynes , supra , that the 2.739 acre parcel was included in the Appellees' chain of title. Appellant offered no evidence to the contrary, choosing instead to simply challenge the sufficiency of the evidence offered by Appellees on summary judgment.
{¶ 32} Finally, Appellant contends that the trial court relied upon insufficient evidence to conclude that its chain of title was defective. In the judgment entry, the trial court referred to the Heath letter, characterizing it as the auditor's repudiation of Appellant's title, but ultimately relied on the missing deed or transfer to Stewart J. Beebe prior to the 1886 auditor's sale to W.B. Beebe to conclude that the "Beebe" chain of title was defective. Appellant failed to offer evidence on summary judgment that it took the property through any valid chain of title. We have concluded that the auditor's deed to Appellant was void pursuant to the operation of R.C. 5723.14, and that the auditor's sale violated due process, therefore, we need not consider the validity of Appellants' chain of title any further.
{¶ 33} In summary, we find that there exists clear and convincing evidence in the record that: (1) taxes due on the 2.739 acre parcel were regularly paid by Appellees prior to the auditor's sale; (2) the auditor violated statutory notice requirements during the foreclosure proceedings against Liggett, et al.; and (3) Appellees hold good title to the 2.739 acre parcel. Accordingly, we find that summary judgment was appropriate and Appellant's first assignment of error is meritless.
Second Assignment of Error
THE TRIAL COURT ERRED IN REFUSING TO GRANT APPELLANT'S MOTION TO STRIKE THE JOHNSON SURVEY AND THE LETTER WHERE (1) APPELLEES FAILED TO PROPERLY AUTHENTICATE THESE DOCUMENTS; (2) APPELLEES FAILED TO PROVIDE THE EXPERT QUALIFICATIONS OF THE DOCUMENTS' AUTHORS; AND (3) THE JOHNSON SURVEY WAS HEARSAY WITHOUT EXCEPTION.
{¶ 34} In the second assignment of error, Appellant contends that the trial court abused its discretion when it denied the motion to strike the Heath letter and the 1997 survey. We find that the second assignment of error is moot because the trial court could have reached the same legal conclusions based upon other evidence in the record, without consideration of the Heath letter and the 1997 survey. In the alternative, we find that the trial court did not abuse its discretion and Appellant suffered no prejudice as a result of the admission of the Heath letter and the 1997 survey into evidence.
{¶ 35} Before a writing can be admitted into evidence, it must satisfy the requirements of authentication. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a *757 finding that the matter in question is what its proponent claims." Evid.R. 901(A).
{¶ 36} The Heath letter and 1997 survey were attached to Appellees' affidavit, which stated that Appellees received the letter from the auditor's office and received the 1997 survey which occurred during the transaction with the Patterson 112.325 acre parcel. In its Answer, Appellant concedes that it received the Heath letter via US Mail from the Auditor's office.
{¶ 37} Most Ohio courts recognize a "low threshold standard (that) does not require conclusive proof of authenticity, but only sufficient foundational evidence for the trier of fact to conclude that the document is what its proponent claims it to be." John Soliday Fin. Group, L.L.C. v. Pittenger , 5th Dist., 190 Ohio App.3d 145, 2010-Ohio-4861, 940 N.E.2d 1035, ¶ 34, citing 1 Weissenberger, Ohio Evidence (1991) 4-5, Section 901.2; Giannelli, Ohio Evidence Manual (1990) 6, Section 901.01.
{¶ 38} The origin of the documents is not in question here nor is there a suggestion that they are anything other than what they are claimed to be. Consequently, we find that the trial court did not abuse its discretion in denying the motion to strike on the authentication issue. Even assuming an abuse of discretion, Appellant has failed to demonstrate that it suffered any prejudice.
{¶ 39} Next, Appellant contends that the 1997 survey and any reference to it in the Heath letter constitute hearsay. The trial court concluded that exceptions to the hearsay rule applied in this case, more specifically, that the Heath letter constituted a statement by a party opponent (the county auditor) and that Heath's reference to the 1997 survey constituted an adoption of the survey by a party opponent. See Evid. R. 801(D)(2)(b). Appellant offers no case law contradicting the trial court's conclusion, but, instead, cites case law that the Heath letter and 1997 survey constitute hearsay, without reference to the exceptions to the hearsay rule. Accordingly, we find that the trial court did not abuse its discretion in denying the motion to strike on the hearsay issue.
{¶ 40} Finally, Appellant asserts that the trial court erred in considering the 1997 survey and the Heath letter because Appellees offered no evidence of the authors' qualifications as experts. Expert evidence that is submitted on summary judgment must meet the requirements of Civ.R. 56(E) and Evid.R. 702. Haney v. Barringer , 7th Dist. No. 06 MA 141, 2007-Ohio-7214, 2007 WL 4696827, ¶ 35. In order to comply with these rules, an expert's affidavit, and any further supporting testimony or documentation, must set forth the expert's credentials and the facts supporting the expert's opinion. Id. Expert evidence includes any testimony that "relates to matters beyond the knowledge or experience possessed by lay persons." Evid.R. 702(A). Generally, "[t]he existence and location of boundary lines [as related to property surveying] requires knowledge typically beyond that of a layperson." Dysart v. Estate of Dysart , 2nd Dist. Miami No. 2009 CA 24, 2010-Ohio-1238, 2010 WL 1138929, ¶ 32.
{¶ 41} Here, Appellant has not offered any evidence that Heath was unqualified to offer her opinion regarding ownership of the 2.739 acre parcel or that Johnson was unqualified to prepare the survey. Therefore, we find that the trial court's error does not constitute an abuse of discretion. Even assuming an abuse of discretion, Appellant has not offered any evidence of prejudice.
{¶ 42} In summary, Appellant has failed to show that the trial court abused its discretion in admitting the 1997 survey *758 and the Heath letter into evidence. In the alternative, we find that Appellant has not demonstrated any material prejudice suffered as a result of the admission of the evidence. Accordingly, we find that the second assignment of error has no merit.
Conclusion
{¶ 43} In summary, we find that the trial court's conclusions that Appellees hold good title to the 2.739 acres at issue in this case, and that Appellant's auditor's deed is void, are supported by clear and convincing evidence. We further find that the trial court could have reached these conclusions without reference to the 1997 survey and the Heath letter. In the alternative, we find that the trial court did not abuse its discretion in considering those documents. Accordingly, the judgment entries of the trial court are affirmed.
Donofrio, J., concurs.
Robb, P. J., concurs.