[Cite as *ASE Invests., L.L.C. v. Smith*, 2020-Ohio-3822.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

ASE Investments, LLC, et al.                         Court of Appeals No. L-19-1182

      Appellants                                          Trial Court No. CI0201802729

v.

Robert C. Smith, Jr.                                **DECISION AND JUDGMENT**

      Appellee                                          Decided:  July 24, 2020

* * * * *

Jacob M. Lowenstein, for appellants.

John W. Rozic, Jeffrey C. Zilba and Howard B. Hershman,
for appellee.

* * * * *

**ZMUDA, P.J.**

{¶ 1} This accelerated appeal is before the court on appeal from the Lucas County Court of Common Pleas judgment granting summary judgment in favor of defendant-appellee Robert C. Smith, Jr. and dismissing the complaint of plaintiffs-appellants Jeffrey D. Wingate, trustee of the Donna D. Smith Living Trust and ASE Investments, LLC.  For the reasons that follow, we affirm.

{¶ 2} Robert Smith was married to Jeffrey Wingate's mother, Donna D. Smith. In 2002, ASE was formed as a real estate holding company, owning property at 5155 Telegraph Road in Toledo, Ohio. Wingate and Smith dispute who owned ASE from its inception, with Smith claiming sole membership and control from 2002 until the date of his divorce from Donna Smith, and Wingate claiming sole ownership and control from 2002 to the present. Robert Smith conveyed $190,000 to ASE to purchase the property. Wingate characterized the transaction as a "gratuitous" transfer to ASE, used to acquire the Telegraph Road property. Smith disputes this "gift" to Wingate, arguing he was the sole member of ASE at the time of purchase.

{¶ 3} In the midst of divorce between Robert and Donna Smith, on January 16, 2008, Robert Smith executed a mortgage for the real property at 5155 Telegraph Road in Toledo, Ohio, as a member of ASE Investments, LLC. The mortgage purportedly secured a note in the amount of $190,000 plus interest, and was recorded on January 25, 2008. On July 10, 2009, Robert and Donna Smith entered a stipulated, consent judgment entry in the divorce proceedings addressing issues related to the division of property. The entry contained a stipulation concerning ownership of ASE as follows:

Re: **ASE MEMBERSHIP INTEREST AND MORTGAGE**. The parties

**Stipulate** and agree and the Court, by execution hereof, does **Order** Mr.

Robert C. Smith, Jr. to execute any and all documents as may be reasonable

or necessary to transfer and convey 100% of the ownership of ASE

Investments, LLC an Ohio limited liability company, free and clear of all

2.

claims of Robert C. Smith, Jr., or any party claiming any interest therein through him, to Donna D. Smith, or her order, and to execute any and all documents as may be reasonable or necessary to assign a certain mortgage issued by ASE Investments, LLC as mortgagee, in the original face amount of $190,000.00 to Robert C. Smith, Jr., as mortgagor, the "Mortgage." to Donna D. Smith, or her order, free and clear of any claims or encumbrances.

The entry also contained a provision regarding execution of documents, as follows:

Re:  **EXECUTION OF DOCUMENTS.**  The parties **Stipulate** and agree and the Court, by execution hereof, does **Order** that each party shall execute such deeds, titles, documents or other instruments that are necessary to convey and/or record the title or other interest to each asset described herein to the person designated herein, free and clear of any claim by the other; and further, that in the event either party fails to execute the document(s) required to effectuate the transfers contemplated here, a copy of this Stipulation shall serve as a conveyance of the respective parties interest, may be recorded in lieu of any other document of conveyance, and, in such event, shall be given the full force and effect of a properly drafted, fully executed document of conveyance, the same as if the document of conveyance had been duly executed and recorded.

3.

{¶ 4} Neither the assignment nor the consent judgment entry were recorded for the property. In 2013, Donna Smith passed away, leaving Wingate the sole beneficiary of her estate. On June 12, 2018, ASE and Wingate filed a three-count complaint, alleging Robert Smith lacked authority to execute the mortgage and failed to assign the mortgage to Donna Smith as required by the consent judgment entry. The complaint sought damages based on slander of title (Count I), breach of the consent agreement contained within the stipulated judgment entry (Count II), and declaratory judgment and order setting the mortgage aside as invalid and void (Count III).

{¶ 5} Robert Smith filed his answer to the complaint, admitting to executing and recording the mortgage, but denying the slander of title and breach of consent agreement allegations. Smith raised affirmative defenses including the bar of the statute of limitations and accord and satisfaction.

{¶ 6} On January 24, 2019, Robert Smith moved for summary judgment as to all claims in the complaint, arguing the statute of limitations barred the claim for slander of title, and his execution and delivery of the assignment barred the claim for breach of the consent judgment entry. Smith further argued that, even if he failed to execute and deliver the documents, the consent judgment provided a remedy to effect the assignment of mortgage. In support, Smith attached a copy of the executed documents, assigning the mortgage and his interest in ASE and dated September 18, 2009. The documents were authenticated by an affidavit of his attorney, John Rozic, who attested to preparing the

4.

documents for signature, and confirming delivery of the signed documents to the divorce counsel for Donna Smith.

{¶ 7} As to the claim for declaratory judgment, Smith argued that Wingate and ASE failed to demonstrate a basis for judgment, as they were on notice of the 2008 recording of the mortgage and failed to file suit before the statute of limitations ran on an appropriate underlying cause of action arising from the alleged wrongful execution of the mortgage.

{¶ 8} In response to Smith's summary judgment motion, Wingate and ASE requested extensions to file a memorandum in opposition, which the trial court granted up to March 6, 2019. Wingate and ASE filed no response in opposition to the motion for summary judgment, and requested no further extensions.

{¶ 9} Instead, on March 7, 2019, Wingate and ASE purported to dismiss Counts I and II of the complaint pursuant to Civ.R. 41(A)(1), while maintaining suit as to Count III, their declaratory judgment action.[1] They indicated within their "notice of dismissal"

---

[1] A notice of dismissal, pursuant to Civ.R. 41(A)(1), requires dismissal of the entire action, and does not permit a *partial*, voluntary dismissal of only some claims in the complaint. *See, e.g., Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, ¶ 19-20 (The plain language of Civ.R. 41(A)(1) permits dismissal of all claims against a defendant, without prejudice, with amendment of the complaint the appropriate procedure for dismissing fewer than all claims). Therefore, the attempted partial dismissal of certain claims was without legal effect. As the trial court entered judgment, dismissing the entire complaint, the matter is properly before us as an appeal of a final judgment.

5.

that dismissal of the first two counts of the complaint "make the currently pending motion for summary judgment moot."

{¶ 10} On March 14, 2019, Wingate and ASE sought leave to amend the complaint, instanter, in order to asset a quiet title action. Due to the request to amend the complaint, the trial court vacated the scheduled April 23 trial date. The parties briefed the issue of amendment, culminating in a response by Wingate and ASE to Smith's sur-reply brief. On July 26, 2019, the trial court held a status pretrial, and based on representations of the parties, vacated the second scheduled trial date of August 28 for ruling on the pending motions.

{¶ 11} On July 25, 2019, the trial court entered judgment, denying the motion to amend the complaint to plead a quiet title action, and granting the motion for summary judgment. Wingate and ASE filed a timely appeal of that judgment, but we remanded the matter, noting the judgment of the court did not fully adjudicate the matter by including a remedy consistent with the judgment granted to Robert Smith on summary judgment.

{¶ 12} On October 1, 2019, the trial court entered final judgment, stating, in pertinent part:

> It is further ORDERED, ADJUDGED, and DECREED that [Robert Smith's] January 24, 2019 Motion for Summary Judgment is well-taken and GRANTED, and [Wingate's and ASE's] Complaint is DISMISSED.

6.

## II.  Assignments of Error

{¶ 13} Wingate and ASE now appeal the judgment, asserting the following assignments of error:

I.  THE TRIAL COURT ERRED IN [DENYING] THE APPELLANTS' MOTION FOR LEAVE TO [AMEND] THE COMPLAINT AS THE MOTION WAS NOT BROUGHT IN BAD FAITH, WOULD NOT [CAUSE] UNDUE PREJUDICE OR DELAY, AND A PRIMA [FACIE] SHOWING OF SUPPORT WAS PROVIDED.

II.  THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN LIEU OF GRANTING THE MOTION TO AMEND THE COMPLAINT.

## III.  Analysis

{¶ 14} As part of the assignments of error, Wingate and ASE argue issues of fact remained regarding the validity of the mortgage executed and recorded by Smith, and the propriety of a quiet title action to set aside the void mortgage.  Additionally, they argue that an amended complaint would have rendered the motion for summary judgment moot.  Wingate and ASE primarily challenge the validity of the mortgage, arguing Smith's lack of authority to execute the document in 2008.

{¶ 15} Smith, in contrast, argued the issues raised regarding the mortgage execution were time-barred.  Furthermore, he argued, the mortgage execution had no relevance, because Smith executed the assignment in 2009, and the consent judgment

entry provided a remedy even if he had failed to execute this assignment. Therefore, Smith argued, he ceased having any legal interest in the subject property in 2009, rendering the claims against him without merit.

{¶ 16} We address the assignments of error in turn.

### A. Amended Complaint

{¶ 17} Wingate and ASE first argue that the trial court abused its discretion in denying his motion for leave to file an amended complaint and reframe his claim as a quiet title action. The rule governing amended pleadings, in this case, required leave of court to file an amended complaint, but also provided that a "court shall freely give leave when justice so requires." Civ.R. 15(A). We review the trial court's decision for an abuse of discretion, and will reverse only if we find the trial court acted unreasonably, arbitrarily, or unconscionably. (Citations omitted.) *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624 (1991); *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "[W]here a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading." *Wilmington Steel* at 123.

{¶ 18} Wingate and ASE sought leave to amend the complaint and reframe the claim as one seeking to quiet title, based on the same facts in the original pleading. The trial court appropriately considered whether the amendment stated a prima facie claim, in

addition to considerations of timeliness and prejudice. *Hollinghead v. Bey*, 6th Dist. Lucas No. L-99-1351, 2000 WL 1005205, *9 (July 21, 2000).

{¶ 19} Pursuant to R.C. 5303.01, a quiet title action "may be brought by a person in possession of real property * * * against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest." In finding no support for a quiet title action, the trial court noted, "Smith has been precluded by Court Order, since July 10, 2009, from claiming any interest at all under the subject Mortgage and, therefore, the proposed quiet title action cannot be maintained against him."

{¶ 20} In arguing a prima facie quiet title claim, Wingate and ASE argue the 2009 assignment of the mortgage interest to Wingate's mother constituted the present, adverse claim to the property contemplated by R.C. 5303.01. In support, they argue that Smith had no right, in 2008, to execute and record the mortgage that he subsequently assigned. The factual basis for their claim, as acknowledged by Wingate and ASE, is a 2009 transfer of Smith's interest to Wingate's mother. The facts alleged negate the claim.

{¶ 21} A quiet title action is a statutory cause of action, with the purpose to "conclusively determine the allocation of property interests." (Citation omitted.) *Ochsenbine v. Cadiz*, 166 Ohio App.3d 719, 2005-Ohio-6781, 853 N.E.2d 314, ¶ 13 (7th Dist.). Wingate and ASE are not claiming that Smith holds any present interest in the subject property, but instead argue that Smith improperly granted the interest to himself, and then transferred the interest to Wingate's mother within the divorce proceedings.

9.

Wingate and ASE failed to allege facts in support of a quiet title action against Smith, who no longer has any interest in the subject property.

{¶ 22} The trial court, therefore, did not abuse its discretion in denying the motion to file the amended pleading, because the proposed pleading failed to state a prima facie quiet title action. Accordingly, we need not address whether the request for amendment was untimely or prejudicial. We find the first assignment of error not well-taken.

### B. Summary Judgment

{¶ 23} In the second assignment of error, Wingate and ASE argue that the trial court erred in granting Smith's motion for summary judgment, because the trial court should have granted leave to file the amended pleading. They fail to address the merits of their remaining claim, however, in the alternative.

{¶ 24} We review a summary judgment decision de novo, applying the same standard used by the trial court. *Grafton v. Ohio Edison*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate where the moving party demonstrates the absence of issues of material fact, entitlement to judgment as a matter of law, and that the only reasonable conclusion is judgment in their favor, after weighing the evidence most favorably for the opposing party. Civ.R. 56(C).

{¶ 25} Wingate and ASE appeared to abandon their claims for slander of title and breach of the consent judgment entry in response to Smith's motion for summary judgment. All that remained was the declaratory judgment action to declare the mortgage void. Pursuant to R.C. 2721.03, any person may request determination of the validity of

10.

a written instrument, "and obtain a declaration of rights, status, or other legal relations under it."

{¶ 26} "The purpose of a declaratory judgment action is to dispose of 'uncertain or disputed obligations quickly and conclusively,' and to achieve that end, the declaratory judgment statutes are to be construed 'liberally.'" *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 8, quoting *Ohio Farmers Indemn. Co. v. Chames*, 170 Ohio St. 209, 213, 163 N.E.2d 367 (1959). Even so, there are limits to liberally construing the statutes, with a declaratory judgment action permitted only to determine "an actual controversy, the resolution of which will confer certain rights or status upon the litigants." *Mid-Am.* at ¶ 9, quoting *Corron v. Corron*, 40 Ohio St.3d 75, 79, 531 N.E.2d 708 (1988).

{¶ 27} In this case, the trial court carefully considered the issue in controversy, and determined the 2009 consent judgment entry "belies the existence of any real, justiciable controversy" between the parties, as Smith conveyed any interest he may have had to Donna Smith, either by execution and delivery of the assignment or through the self-executing provision contained within the consent judgment entry. The trial court, furthermore, determined it lacked jurisdiction to "entertain collateral attacks" on the consent judgment entry.

{¶ 28} Having independently reviewed the record, we find no justiciable controversy between the parties, based on the claims alleged and the language of the consent judgment entry. Clearly, Smith transferred any interest he may have had in the

11.

subject property to Donna Smith, with no evidence indicating otherwise. Accordingly, Smith was entitled to summary judgment on the declaratory judgment action as a matter of law. We find the second assignment of error not well-taken.

## IV. Conclusion

{¶ 29} Having found substantial justice has been done, we affirm the judgment of the Lucas County Court of Common Pleas. Appellants Wingate and ASE are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.